### G. W. CRAIN ET AL. v. C. P. HUNTINGTON.

#### No. 3134.

**1. Proof of Lost Deed by Circumstantial Evidence.** — This court has held that the execution and contents of a lost deed may be proved by circumstantial evidence. Bounds v. Little, 75 Texas, 316.

**2. Same.**—See circumstantial evidence held sufficient to establish the execution and contents of a lost deed.

**3. Same — Destroyed Records.** — As a circumstance it was competent to prove that a deed with its proof of acknowledgment had been recorded in record books of deeds shown to have been destroyed.

**4. Ancient Instrument.** — The statutory rule requiring deeds, etc., to be filed with notice three days before the trial does not apply to documents offered as ancient instruments.

ERROR from Shelby. Tried below before Hon. James I. Perkins. The opinion states the case.

*Drury Fields,* for plaintiffs in error.—Until a deed is properly authenticated for record or acknowledged by the grantor the spreading of the same upon the record is illegal and constitutes no evidence of title to land in favor of the party offering it, and the same should have been excluded. The Act of February, 1841, as authority, required the officer to certify to the acknowledgment of the grantor in a deed and the proof of its execution, and attest the same with his seal of office. Huff v. Webb, 64 Texas, 284; Ballard v. Perry, 28 Texas, 347.

*Ford & McComb,* for defendant in error.—When it is shown that a deed purporting to convey land, which is in all respects regular upon its face, and in the usual form of deeds conveying land, has been by the clerk spread upon the proper deed records of the county for more than forty years, the law will presume, in the absence of satisfactory evidence to the contrary, that the deed was properly authenticated for record, and that the officer recording the same did his duty in so recording it. If the original could have been produced, being more than thirty years old, it would have been admissible in evidence without proof of its execution. The record, being forty years old, was admis-

sible to prove that the original deed, of which the record was a copy, existed at the date of its record, in April, 1842. Holmes v. Coryell, 58 Texas, 680.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the plaintiffs in error to recover of defendant in error one-half of a league of land patented to W. J. Crain, the plaintiffs' ancestor. The plaintiffs claimed as heirs of the original grantee. The defendant claimed through an alleged deed from Crain to one John English, and it was admitted that he had a consecutive chain of title down to himself from English to the land in controversy.

The plaintiffs proved that W. J. Crain was dead and that they were his heirs. The defendant sought to establish the deed claimed to have been executed by W. J. Crain to John English in 1842, and the question of the execution of this deed became the contested issue in the case. An affidavit of the loss of the original deed having been filed, and it having been admitted that the records of deeds of Shelby County were destroyed by fire in 1882, the defendant offered to prove by a witness that a short time before their destruction he examined the records and saw there recorded a deed from W. J. Crain to John English conveying the league of land, the half of which is in controversy in this suit; that it was in the usual form of such conveyances, and bore date the 11th day of April, 1842; that the consideration expressed was several thousand dollars, and that the deed recited that the consideration had been paid. There was a certificate of acknowledgment by the clerk who made the record, but its contents the witness did not remember. The plaintiffs objected to the introduction of this evidence, upon the ground that "it was not first proved that the deed was executed by W. J. Crain;" but the court overruled the objection and admitted the testimony.

The court did not err in its ruling. The objection was not that the defendant had not laid the proper predicate for proof of the execution and contents of a lost deed. It must be conceded that the evidence was not authorized by the statute, which permits under certain conditions the introduction of a certified copy of a duly recorded instrument. It is not the equivalent and can not take the place of the statutory proof. But this court has held that the execution and contents of a lost deed may be proved by circumstantial evidence. Bounds v. Little, 75 Texas, 316. The fact that a deed answering in every particular to that sought to be established appeared upon the records of deeds of Shelby County is a circumstance tending strongly to show that such a deed was executed. Although the witness did not remember the contents of the certificate of acknowledgment, it is to be presumed prima facie that the clerk did his duty and that the deed was so acknowledged as to properly admit it to record. Whether the fact that the deed was

copied upon the records of deeds of Shelby County was sufficient or not to prove its execution was not a question to be determined upon the offer to introduce the testimony. The predicate had been laid for the introduction of secondary evidence, and the testimony in question tended to prove the issue. It was therefore admissible.

But the assignments of error and the brief of counsel call in question the sufficiency of the evidence to support the finding of the court in favor of the execution of the alleged deed and the consequent judgment in favor of the defendant. In addition to the testimony that such a deed appeared upon the records of Shelby County, it was also shown that in the year 1846 John English conveyed the land in controversy to one J. J. Cravans; that the latter claimed the land and rendered it for taxes from that time until his death, in 1860. His administrators subsequently paid the taxes on the land until the administration was closed. One of the administrators testified that he never heard of Crain or any one else except Cravans claiming the land, and that no one paid the taxes so far as he knew. The first he knew of any adverse claim was shortly before the bringing of this suit. English sold and conveyed the half of the league not in controversy in this suit to Giles N. Graves in 1846. Graves resided on the land from the time of this purchase until 1856 or 1857, when he moved to Shelbyville, leaving it in charge of others who occupied it for him. Shortly after his purchase Giles N. Graves sold a part of the land to R. R. Graves, who occupied the part so sold to him for a long number of years. The deposition of George W. Crain, the eldest son of the original grantee of the land, was read in the case. He was fifty years old at the time of the trial. He testified that his father moved to Titus County in 1843, and thence to Johnson County, where he died in 1858. This witness, who was old enough to have known the facts, gives no explanation of the circumstance of his father abandoning the league of land and of his setting up no claim to it and paying no taxes upon it. These facts lead to the belief that W. J. Crain sold and conveyed the league to John English as defendant claims, and we can not say that upon this issue the judgment of the court is without evidence to support it.

The fifth assignment of error is that "the court erred in permitting the introduction in evidence against the plaintiffs, over plaintiffs' objections, of the deeds to Graves and others as shown in bills of exceptions taken by plaintiffs on the trial of the cause, for the reason the same had not been filed as required by law, nor notice given of the intention of the defendant to use them as evidence three days before the trial commenced."

This assignment complains of two distinct rulings of the court. The deed to G. N. Graves and that to R. R. Graves were objected to on different grounds. It is therefore too general to require consideration. But the objection contained in the assignment was interposed only to

the introduction of the deed to R. R. Graves. The other was objected to on other grounds not here insisted upon. The deed to R. R. Graves was more than thirty years old, was proved to have come from the proper custody, and was therefore admissible at common law as an ancient instrument without proof of its execution.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered October 13, 1891.