## SARAH F. CLAPP v. ROBERT ENGLEDOW ET AL.

### No. 3243.

1. **Declarations of Husband Against Wife's Title to Land.**—It was error to admit a letter of the husband ignoring title in his wife to the land in controversy. The husband could not impair his wife's estate in the land by anything he could say or do.

2. **Proof of Lost Deed.**—See testimony held to prove by preponderance of testimony the existence and contents of a lost deed, so as to require a new trial upon a verdict against the existence of such deed.

3. **Record, Incumbering it.** — The court criticises the condition in which the *record* is made up. The transcript is incumbered with pleadings superseded by amendments, by depositions set out in full, and irrelevant probate records. These show a disregard of Rules for District Court, No. 13.

APPEAL from Van Zandt. Tried below before Hon. FELIX J. McCORD.

The opinion states the case.

*Frank Sexton*, for appellant.—1. The court erred in permitting Robert Engledow, one of the defendants, while testifying as a witness for defendants, to make statements as to conversations between himself,

said witness, and L. T. Barrett, in the presence and hearing of said Barrett's wife, in regard to administering on the estate of Amanda Johnson; and also to make statements as to correspondence between Barrett and himself relating to the estate of Amanda Johnson.

2.    The court erred in refusing plaintiff a new trial, because the verdict of the jury is directly against the positive, direct, clear, and unimpeached testimony of four witnesses as to every material fact necessary to establish the existence, loss, and contents of the deed which plaintiff seeks to establish, and wholly unsupported by any competent, proper, or legal evidence.

*C. B. Kilgore* and *Alex. Burge*, for appellees.

GARRETT, PRESIDING JUDGE, *Section B.*—Sarah F. Clapp brought this suit against Robert Engledow and other heirs of Amanda Johnson to establish a lost deed, alleged to have been made and delivered by Amanda Johnson to Angelina M. Barrett, the wife of L. T. Barrett. Plaintiff claims title by mesne conveyances from Angelina M. Barrett to a certain tract of land alleged to have been included in the deed, which is sought to be established by this suit.

Defendants answered as follows: 1. General demurrer. 2. Special exception of the statute of ten years limitation. 3. Stale demand. 4. General denial. 5. Special answer, setting up that L. T. Barrett and his wife Angelina M. Barrett, who are remote vendors of plaintiff, in August, 1874, in the Probate Court of Nacogdoches County, administered on the estate of Amanda Johnson, and returned to said court an inventory of the property of Mrs. Johnson, on which inventory was placed the land claimed by plaintiff and described in plaintiff's petition. Said answer avers that said administrators "undertook to procure, and did fraudulently procure from the Probate Court of Nacogdoches County, a decree vesting title to all the real property of said estate (Mrs. Johnson's) in said administrators," and that said decree was void and of no effect. The same answer alleges fraud and combination between Barrett and wife and their son Ralph A. Barrett (who is one of plaintiff's vendors) to defraud defendants (Mrs. Johnson's heirs), and that by reason of said fraud, as charged, the said L. T. and Angelina Barrett "and their vendees, immediate and remote, are forever estopped and can not now set up claim to said land against the acts and declarations of said Barrett and wife." Also the statute of limitations of ten years; and that the defendant Robert Engledow had signed a receipt to L. T. Barrett, while said Barrett was acting as administrator of Mrs. Johnson, purporting to be for his share of said estate, but that the receipt was fraudulently procured, etc.

Plaintiff demurred to the special answer setting up the proceedings in the Probate Court of Nacogdoches County and pleading the estop-

pel by reason of the administration and inventory. Her demurrer was overruled, and the action of the court in this respect is assigned as error.

There was a trial before a jury, and judgment was rendered in favor of defendants October 23, 1889, from which the plaintiff has appealed.

The case has been before the Supreme Court once before on appeal also by the plaintiff (Clapp v. Engledow, 72 Texas, 252).

As held on the former hearing of this case, although the administrators were not estopped by the inventory filed by them in the administration of Mrs. Johnson's estate, still "it was competent as declarations against interest by the party in possession as a circumstance following and attending the transaction." 72 Texas, 255. The evidence was also properly limited by the court in its charge to the jury. No evidence was introduced by the defendants in support of the pleading as to the decree of the Probate Court of Nacogdoches County, but the record of the pleadings and decree in said court in the estate of Amanda Johnson was introduced by the plaintiff. There was consequently no error in overruling the demurrer to the answer of which the appellant can complain.

On the trial the purpose of the plaintiff was to establish a deed from Mrs. Amanda Johnson to Mrs. Angelina M. Barrett for all her property, real and personal, and there was direct testimony as well as circumstantial evidence to show that such deed had been executed as alleged. Defendants in rebuttal offered in evidence a letter written by L. T. Barrett, the husband of Angelina M. Barrett, to the defendant Robert Engledow, as follows:

"MELROSE, July 13, 1877.

"*Mr. Robert Engledow:*

"BOB.—I have just received your letter of 8th inst. I am obliged to you for the information concerning the trespass on my timber, and this authorizes you to assess, or have assessed, the amount of damage to my land or timber and collect the money by suit or otherwise.

\*      \*      \*      \*      \*      \*      \*      \*

"Relative to your interest in Mrs. Johnson's estate, I must say that I am not in a condition just now to make you an offer for it. However, come down as soon as it may suit your convenience to do so, and I think we can make disposition of your interest in the estate so as to benefit you.                    Yours truly,

"L. T. BARRETT."

Plaintiff objected to the admission of this letter; because, (1) it was immaterial and irrelevant to the matter in controversy in this suit; (2) if it was offered to affect Barrett's credit it was not admissible, because he had not been examined in regard to or given an opportunity to explain it; (3) nothing said by Barrett in the letter could affect his wife's

title to the property she acquired by the deed of gift in question in this proceeding.

There was also objection to evidence of certain conversations testified to by Engledow. Plaintiff excepted to the ruling of the court and has assigned it as error.

No admission of the husband can affect the wife's separate estate; and the letter from Barrett to Engledow was clearly inadmissible. Statements of the witness Engledow as to conversations between himself and Barrett and wife were admissible in so far as·it was shown that Mrs. Barrett was present and in a position to hear them.

Whether or not the judgment of the court below should be reversed for the error in the admission of the letter will depend upon the sufficiency of plaintiff's evidence to show the execution of the deed; for if it should appear that notwithstanding the admission of the erroneous evidence the plaintiff's evidence is insufficient to show the existence of such a deed, then the error might be immaterial. Appellant by her seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error contends that the verdict of the jury is against the preponderance of the testimony, and, on the law and facts of the case, should have been in her favor. We will consider these questions together.

If Mrs. Amanda Johnson executed a deed to Mrs. Angelina M. Barrett conveying to her all her property, both real and personal, the plaintiff ought to prevail in her suit. It was shown that a deed was executed by Mrs. Johnson to Mrs. Barrett for all her property in Nacogdoches County, and that the same was duly acknowledged and recorded. This deed was executed January 2, 1873, and is referred to in the evidence as the first deed. The deed the execution of which is in controversy is called the second deed. Amanda Johnson was a widow, and died childless, March 12, 1873. The defendants are her collateral heirs. Angelina M. Barrett, the wife of L. T. Barrett, was her niece. Mrs. Barrett's mother died when she was quite young, and Mrs. Johnson took charge of and reared her. At the time of Mrs. Johnson's death, and the execution of the first deed and the alleged execution of the second deed, she was residing with Mrs. Barrett.

In support of the execution of the second deed four witnesses testified, all of them by deposition. They were L. T. Barrett, James B. Hamlett, Victor J. Simpson, and A. J. Simpson. L. T. Barrett testified, substantially, that Mrs. Johnson executed two deeds to Mrs. A. M. Barrett. The first was executed January 2, 1873, and conveyed to Mrs. Barrett and her children (naming them) all of Mrs. Johnson's property, real and personal, then in Nacogdoches County. On the 3d of February, 1873, she executed the second deed. Witness appended the original draft of the second deed to his deposition, with explanation that he had made it on the day or day before the execution of the deed, and that it was copied by James B. Hamlett for Mrs. Johnson to

·sign. His son found the original draft among his papers on the day that his deposition was taken, March 29, 1886. Mrs. Johnson signed or had her name signed to the copy made by Hamlett, and it was witnessed by him (James B. Hamlett), and witness thought two other witnesses. Immediately after the execution of the deed Mrs. Johnson placed it in his possession. That the deed was lost; that he had searched for the deed in all places where it would likely be found, but had not been able to find it; that his wife and son had aided him in the search. He stated that Mrs. Johnson said with reference to the execution of the deed: "I have given or sold to Angelina all of my property. I have placed her in possession of it, and I want it fixed now while I am able to attend to it, so as to prevent my other relatives from interfering with or giving her trouble."

The original draft, testified to by Barrett and attached to his deposition, recites: "That I, Amanda Johnson, * * * did, when I executed the deed of conveyance on the 2d day of January last to my niece Mrs. Angelina M. Barrett and her children, desire to transfer and convey to her all my property, both real and personal; and I do now by these presents, for the consideration expressed in the aforesaid deed, and for the paramount consideration of the love and affection always manifested by my said niece for me, and especially for the kind and affectionate care and attention given to me by my said niece and her husband and children in my late illness, in the absence of all my other relatives, while I was in a helpless condition, give, grant, sell, transfer, and convey unto the said A. M. Barrett, for her own use and benefit, and for the use and benefit of her children, all of my property, both real and personal."

James B. Hamlett testified, that Mrs. Johnson, when told by the justice of the peace who took her acknowledgment to the first deed that it did not include all her property, requested that another deed be drawn embracing all her property, both real and personal, not only in Nacogdoches County, but all of whatever nature and wherever located. A second deed was drafted by Captain Barrett and copied by the witness, including all of the property. Witness read this deed to Mrs. Johnson at Captain Barrett's request, and asked her if she wished him to sign it as a witness, and she answered yes. He asked her if it fully embodied her wishes, and she said it did. He then walked across the street to the store and signed it. Witness did not recollect who the other witnesses were, but was certain that they resided in and around Melrose, the village where Mrs. Johnson then lived. He could not remember the date of the deed, but thought it was the summer or fall prior to Mrs. Johnson's death. Witness was a partner of L. T. Barrett in business, and married his niece.

Victor J. Simpson testified, that he saw two deeds from Amanda Johnson to Angelina M. Barrett, in Melrose, after Mrs. Johnson's death.

He did not remember the dates of the deeds nor how long it was after her death.    He remembered that the dates were previous to her death. They were witnessed by two persons; it was his impression that the witnesses were James McKnight and James Hamlett.    The deeds were in the possession of L. T. Barrett, and bore different dates.    The oldest conveyed all Mrs. Johnson's property in Nacogdoches County, and the other conveyed all her property without regard to location.    It was signed by Mrs. Johnson and witnessed.    Witness could not state that he was acquainted with Mrs. Johnson's signature, nor that the signature was genuine.

A. J. Simpson testified, that he was the officer who took Mrs. Johnson's acknowledgment to the first deed.    After explaining his official position and his acquaintance with Mrs. Johnson, he stated that he read the deed to her, and she remarked, "It does not convey everything to Angelina."    That he told her no, it only conveyed the property in Nacogdoches County; and she replied that she intended to convey all her property to Angelina, no matter where situated.

It was shown on the part of defendants that Angelina M. Barrett and her husband L. T. Barrett administered on the estate of Mrs. Johnson lying outside of Nacogdoches County, filed a bond in the sum of $8000, and inventoried the property in controversy as the property of the estate of Amanda Johnson, deceased.    Administration was open from September, 1874, to September, 1882.    It was not shown that the administrators sold any of the property on the inventory; and it appeared when some of the defendants in this case filed an application for partition that Mrs. Barrett then claimed all of the property under the alleged lost deed, and it was set apart to her by the court.

Robert Engledow, one of the defendants, testified, that Barrett and his wife told him that they did not claim any of the property outside of Nacogdoches County.    Mrs. Barrett said, in reply to a suggestion of his that the estate ought to be closed and the property divided among the heirs, "Yes, and we ought to pay Uncle Robert his part as soon as possible."    Some time in January, 1878, Barrett paid witness $150 as part of his interest in said estate.    Witness had never heard of the deed until informed of it by J. F. Hair, acting agent for the plaintiff.    The receipt of witness shows that the money was paid in entire settlement, but that it is not true, that witness was imposed upon by Barrett.

At common law it was not necessary that a deed should be attested by subscribing witnesses.    1 Dev. on Deeds, sec. 255.    When the deed sought to be established was said to have been executed the Act of February 5, 1840, concerning conveyances, was in force.    According to it no estate of inheritance or freehold, or for a term of more than

five years, in lands and tenements, could be conveyed from one to another, unless the conveyance were declared by writing, sealed, and delivered. Pasch. Dig., art. 997. Seals were abolished by the Act of February 2, 1858. Pasch. Dig., art. 5087. A deed, then, is a writing signed and delivered. Victor Simpson testified, that the writing in question was signed by Mrs. Johnson, and purported to convey all her property. James Hamlett testified, that he signed the writing as a witness at the request of Mrs. Johnson. L. T. Barrett said, that Mrs. Johnson executed the deed; that she signed it or had her name signed. A. J. Simpson testified, that Mrs. Johnson told him of her wish to convey all her property to Mrs. Barrett. As to delivery, Victor Simpson saw the deed in the possession of L. T. Barrett. Barrett said, "immediately after the execution of said last mentioned deed it was placed in my possession by Mrs. Johnson."

Acknowledgment of a deed by the grantor, or the proof thereof by one of two witnesses, is necessary only for the purpose of registration. As between the parties no acknowledgment is necessary. Proof of the deed can be made either by the grantor that he signed it, or by any other person who saw it signed, or by proof of the signature of the grantor. 1 Dev. on Deeds, sec. 465. It is true that there is no direct testimony that any one saw Mrs. Johnson sign the deed, or that she acknowledged her signature to any one, or that the signature appended to the deed was her genuine signature. But a deed may be proved by circumstantial evidence, and the circumstances in this case indicate that Mrs. Johnson must have signed the deed. Crain v. Huntington, 17 S. W. Rep., 243; Bounds v. Little, 75 Texas, 316.

There was not only sufficient testimony to support a verdict in favor of the existence of the deed in this case, had it been in favor of the plaintiff, but we think, from a careful examination of the record, there was also a preponderance of testimony in support of its existence.

Both for the error of the court in admitting in evidence the letter from L. T. Barrett to Robert Engeldow, and because the verdict of the jury was against the preponderance of the testimony, we think the judgment of the court below should be reversed.

We desire to call the attention of the parties to the record in this case. Original and amended pleadings are all copied in the record. According to the rules the amended pleading should stand in lieu of the original. Rule for Dist. Courts, 13. The statement of facts contains the deeds in plaintiff's title copied at length with certificates of acknowledgment and record; the depositions of witnesses are written out at length, sometimes including the question as well as answer; and the full proceedings of the Probate Court of Nacogdoches County are copied at length. This is in direct violation of the rules. Rules for Dist. Courts, 71. A compact, though full record, with as little useless

matter as possible, is intended by the rules; and such a record greatly facilitates the work of this court. In view of another trial the parties should replead.

It is not necessary to notice appellant's other assignments of error. We report the case for reversal.

*Reversed and remanded.*