TEXAS & NEW ORLEANS RAILROAD COMPANY v. MRS. R. A. SCARBOROUGH ET AL.

No. 1814. Decided March 18, 1908.

**1.—New Trial—Newly Discovered Evidence.**

No error appeared in overruling a motion for new trial on account of newly discovered evidence, though its materiality and due diligence to discover it were shown, where it was doubtful if it would alter the result, and where, the evidence being discovered several days earlier, the motion was not filed until the day of adjournment for the term, affording no opportunity to opposing counsel to controvert the showing made. (Pp. 439, 440.)

**2.—Same—Witness's Affidavit.**

Where counsel are unable to get an affidavit as to his testimony from the newly discovered witness, it seems that the requirement of diligence in their showing should be met by issuing a subpoena to procure his attendance and oral testimony on the hearing of the motion. (P. 440.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Jefferson County.

The Texas & N. O. Ry. Co. appealed from a judgment recovered by Mrs. Scarborough, and on its affirmance obtained writ of error. The recovery was for the death, by defendant's negligence, of A. W. Scarborough, a switchman who, it was claimed, while the crew were shoving a string of cars alongside a platform by the "house track," seeing a stranger in a position exposing him to danger of being caught between the cars and the platform, ran to rescue him from peril and in doing so was himself caught between the platform and the moving cars,

*Baker, Botts, Parker & Garwood* and *J. S. McEachin (Chester & Da Ponte* were on brief in Court of Civil Appeals, and *Gregory, Batts & Brooks* and *Clarence H. Miller,* also for motion for rehearing in Supreme Court), for plaintiff in error.—Where newly discovered testimony is material to the issue, and such as might produce a different result on another trial, and where the party was not at fault in not sooner discovering it, the trial court should grant a new trial, and the failure to do so is reversible error.   Houston & T. C. R. Co. v. Forsyth, 49 Texas, 171; Texas & P. R. Co. v. Barron, 78 Texas, 421; Halliday v. Lambright, 68 S. W. Rep., 712; Wolf v. Mahan, 57 Texas, 175; Hilburn v. Harris, 2 Texas Civ. App., 399; Standard Life Insurance Co. v. Askew, 11 Texas Civ. App., 60.

[From argument on motion for rehearing.]     When the additional testimony to the same fact is sufficient to render clearer that which was before doubtful, it is not within the meaning of the law cumulative, and in such cases justice and precedents require that it should be submitted to the jury.   14 Ency. Pl. & Prac., 821; Ellis v. Ginsburg, 163 Mass., 146; 39 N. E. Rep., 800; Keet v. Mason, 167 Mass., 154; 45 N. E. Rep., 81; Berberich v. Louisville B. Co. (Ky.), 46 S. W. Rep., 692; State v. Stowe, 3 Wash. St., 206; 28 Pac. Rep., 337; 14 L. R. A., 609; Andersen v. State, 43 Conn., 519; 21 Am. Rep., 669; Keister v. Rankin (Sup.), 54 N. Y. Supp., 275; Solowye v. Hazlett (City Ct. N. Y.), 71 N. Y. Supp., 486; Parsons v. Lewiston, B. & B. Ry. (Me.), 52 Atl. Rep., 1007; 3 Graham & Waterman on New Trials, 1064.

While it may be in some degree doubted whether the proposed testimony would have led to a different result, it can not be doubted that if the jury believed the new witnesses, that they would not have reached the conclusion they did reach.   Does not justice demand then that your petitioner should have an opportunity of submitting the credibility of the new witnesses to a jury?   To hold otherwise, would be to deprive, in a measure, a litigant of his day in court. Wolf v. Mahan, 57 Texas, 171.   The rule against allowing new trials on account of newly discovered cumulative evidence does not apply in such cases.   Mitchell v. Bass, 26 Texas, 372; Houston & T. C. Ry. Co. v. Forsyth, 49 Texas, 171; Texas & Pac. Ry. Co. v. Barron, 78 Texas, 425; Gulf, C. & S. F. Ry. Co. v. Reagan (Texas Civ. App.), 34 S. W. Rep., 798; Parsons v. Lewiston B. & B. Street Ry., 52 Atl. Rep., 1007.

The amended motion for new trial could not reasonably have been filed until May 26th, the day the court adjourned.   Magadieu's testimony was not discovered until the day before.   The affidavits attached to the amended motion make this perfectly clear.   The two persons who swore to what Magadieu said to them about the accident, were Noble and Denman.   Their affidavits were filed.   Certainly there was no lack of diligence in filing on the 26th in Beaumont the affidavit of Noble, as to facts which Noble first learned on the preceding evening.   It would have been practically impossible to have filed it sooner.   Again, there was no lack of diligence in filing the affidavit of Denman

on the 26th when he first told a representative of your petitioner of the facts in the affidavit "a day or two" before his affidavit was filed. The impossible, or impracticable will not be required of litigants, but only reasonable diligence. It was not an unreasonable delay in making use of Jasse's newly discovered testimony to file it on the 26th when the first affidavit was not obtained until the 22d. Was an interval of three days too long? Some latitude for errors should be allowed. The first affidavit was not complete and counsel directed that additional material facts be obtained. This was promptly done.

We respectfully submit that it is pushing diligence to something of an extreme to hold that your petitioner's agents did not act with promptness. But even if it is not, as to Jasse, what about Magadieu's knowledge? It appears that that was not known until the day before the court adjourned. Some time had to be taken to interview Magadieu, and find out that he would not himself make an affidavit; then further time to get the affidavit of Denman and Noble as to what Magadieu had said; then some time was required to get these affidavits in the hands of counsel; and finally some time for counsel to prepare the amended motion and get it filed in Beaumont. All of this was done in one day.

*Smith, Crawford & Sonfield* and *Lovejoy & Parker,* for defendants in error.—Appellees submit the following as indispensable requirements to the right to a new trial on the ground of newly discovered evidence, according to all of the authorities.

First. That the evidence is probably true. Houston & T. C. Ry. v. Forsyth, 49 Texas, 179; Jernigan v. Wainer, 12 Texas, 193; Gulf, C. & S. F. Ry. v. Marchand, 24 Texas Civ. App., 55, 56. Second. That the evidence would probably produce a different result on another trial. Ry. v. Boon (Sup. Ct.), 1 S. W. Rep., 633; Houston & T. C. Ry. v. Forsyth, 49 Texas, 178; Merriman v. Fulton, 29 Texas, 107; Robinson v. Martel, 11 Texas, 155. Third. That the evidence is not cumulative. Ry. v. Boon (Sup. Ct.), 1 S. W. Rep., 633; Houston & T. C. Ry. v. Forsyth, 49 Texas, 180.; Wolfe v. Mahan, 57 Texas, 173-175; Traylor v. Townsend, 61 Texas, 149; Stewart v. Hamilton, 19 Texas, 101, 102. Fourth. That due diligence was used to discover the evidence before the trial. Houston & T. C. Ry. v. Forsyth, 49 Texas, 178; Traylor v. Townsend, 61 Texas, 148; Hogan v. Missouri, K. & T. Ry., 88 Texas, 684.

An additional reason justifying the court's action in overruling the motion for new trial is that the motion was not filed until the last day of the term and perhaps in the last hours of that day, and appellees had no opportunity to controvert the affidavits or the credibility of the witnesses. Houston & T. C. Ry. v. Forsyth, 49 Texas, 179; Jernigan v. Wainer, 12 Texas, 194; Traylor v. Townsend, 61 Texas, 149.

The granting of a new trial for newly discovered evidence is discretionary with the court and the Appellate Courts will interfere only when there has been a clear abuse of discretion. Ables

v. Donley, 8 Texas, 336-357; Houston & T. C. Ry. Co. v. Forsyth, 49 Texas, 179.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

When we granted the writ of error in this case we were of the opinion that all the assignments of error were correctly overruled by the Court of Civil Appeals, save those which complained of the court's action in overruling the motion for a new trial. We are still of that opinion, and therefore deem it unnecessary to discuss any of the assignments except those last mentioned.

It is claimed that a new trial should have been granted on the ground of newly discovered evidence as set up by plaintiff in error's amended motion for a new trial.

The verdict was returned and the judgment entered on the 16th day of May, 1906, and the amended motion for a new trial was filed on the 26th day of the same month, which was the last day of the term as fixed by law. (Law 1903, p. 8.)

Now in order to obtain a new trial on the ground of newly discovered evidence, it must appear by the motion that diligence to procure the testimony has been used and that it could not be obtained in time for the trial; that the evidence is not merely cumulative, and that upon a new trial it would probably change the result. It seems to us that the showing as to diligence to discover the testimony before the trial was sufficient. The affidavits of Jasse show that he would testify that he saw the accident that resulted in the death of Scarborough and that there was no one standing in a place of danger when the accident occurred. This is so variant to the testimony of a cloud of witnesses who gave testimony as to suggest that he was testifying as to a different transaction. The witnesses upon the trial who gave evidence as to the man being in danger testified to the facts in such detail, as to show, that they spoke the truth or wilfully testified falsely. They could not have been mistaken as to the main facts. The one fact about which the proposed witness is "very positive" is that the deceased was not struck by the swinging door of the car. It was testified to by the defendant's own witness Abbott "that the car caught and rolled him some; but that the door stuck out about that much further than the car, about an inch and a half or two inches, and that the door is what mashed him." The proposed testimony is to the effect that he did not hear Scarborough halloo to anyone and did not see any person in danger near the track. Of course, if he was in a position to see and hear, and he did not see or hear, that is a strong circumstance to show that the fact not seen or heard did not exist. But there is always room for the conclusion that he may not have seen or heard though the facts did exist, especially is this the case where it appears that the transaction was of short duration and nothing is shown calculated to have called the witness's attention to the circumstances. It may therefore be seriously doubted whether it could be said that the proposed testimony would have led to a different result upon another trial.

The same may be said as to the proposed testimony of Magadieu.

But in reference to the newly discovered evidence of the latter, the plaintiff in error is in a worse attitude. It is to be remembered that Magadieu's affidavit is not taken. We have merely the affidavit of two witnesses as to what his testimony would be, with a reason given probably sufficient why his affidavit was not taken. But we know of no rule of practice that would have precluded the plaintiff in error from summoning him as a witness on the motion for a rehearing and forcing him to state upon the stand what he knew about the case. Should not this have been done?

But there is still another consideration. We have seen that the amended motion in which the newly discovered evidence was set up was not filed until the 26th day of May, 1906, and that the term of the court expired by limitation of law at twelve o'clock p. m. of that day. The agents of the plaintiff in error were apprised of what their evidence should be, a very few days after the trial, which ended on the 16th day of the month—ten days before the amended motion was filed. At what hour the motion was filed the record does not disclose. Now we think the amendment should have been filed as soon as practicable after the evidence was discovered—so as to give defendants in error an opportunity to inquire into the facts and to file counter-affidavits questioning, not only the diligence, but also the accuracy of the proposed testimony for which the new trial is asked. This is especially true as to Magadieu, for if the defendants in error had had the opportunity to confer with Magadieu, they could possibly have obtained from him an affidavit impeaching the accuracy of the statements contained in the affidavits of plaintiff in error's affiants with respect to him.

Now let us suppose that the amended motion for a new trial had been filed but a short time before the court adjourned and before it would have adjourned by operation of law, would not the court have been justified in overruling it, because it afforded the counsel for the other side no opportunity to meet it? We think an affirmative answer should be given to the question. There is nothing in the order overruling the motion to show upon what ground the court acted. Now all presumptions must be indulged in favor of the court's ruling. We think, therefore, we should presume that the court overruled the motion because it was filed too late. We think a party should not only be diligent in discovering testimony, but also diligent in making use of it when discovered.

We therefore conclude that the motion for a new trial was properly overruled and no other error being apparent the judgment is affirmed.

*Affirmed.*