WILMOT et al. v. FORE et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1914. On Motion for Rehearing, March 4, 1914.)

1. LIMITATION OF ACTIONS (§ 199*)—QUESTION FOR JURY—EVIDENCE.

Where in trespass to try title there was evidence that would have justified a finding in favor of the defendants on the issue of limitations as to a portion of the land, the court erred in refusing to submit such issue at defendant's request.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 727–730; Dec. Dig. § 199.*]

2. EVIDENCE (§ 106*)—RELEVANCY—REPUTATION.

It was not error to exclude evidence of the reputations of the members of a real estate firm who had been instrumental in transferring a land certificate under which plaintiffs claimed, where no effort had been made to impeach the reputations of such persons for truth or veracity, or for honesty and fair dealing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 177–187; Dec. Dig. § 106.*]

On Motion for Rehearing.

3. LOST INSTRUMENTS (§ 23*)—PROOF.

A lost deed or other instrument may be shown to have existed, by circumstantial evidence and testimony other than that specified by statute.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 51–57; Dec. Dig. § 23.*]

Error from District Court, Dimmit County; J. F. Mullally, Judge.

Trespass to try title by H. M. Fore and others against E. P. Wilmot and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Ike D. White, N. A. Rector, and E. Cartledge, all of Austin, for plaintiffs in error. J. O. Rouse, of Carrizo Springs, and Warren & Briggs, of Gilmer, for defendants in error.

FLY, C. J. Defendants in error, H. M. Fore and M. F. Nichols, joined by her husband, F. C. Nichols, instituted this action of trespass to try title to 1,280 acres of land known as the A. M. Fore survey in Dimmit county against plaintiffs in error, consisting of 25 persons. The suit was dismissed as to 4 of them. The cause was tried by jury, resulting in a verdict in favor of Fore and Nichols for all of the land, except 746⅔ acres sold by Dr. M. A. Taylor to A. Eardley. This writ of error is prosecuted by E. P. Wilmot and T. B. Cochran, as executors of the estate of M. A. Taylor, deceased, J. W. Maxwell, Joe S. Wooten, M. O. Bunton and her husband, J. H. Bunton, D. W. Bouldin, and Helen Lee Bouldin.

The evidence shows that a certificate for 1,280 acres of land was issued by the state to A. M. Fore, the father of H. M. Fore and M. F. Nichols, on account of his being a disabled Confederate soldier; that he placed it in the hands of one Bob Harris, after having transferred it in blank; that it was sent to Johns & Spence, land agents in the city of Austin; that they sold it to Dr. Taylor; that A. M. Fore was probably notified of such sale; that he never asserted any claim to the land in controversy, and did not pay any taxes on it; that appellees did not make any claim to the land until long after the death of their father; that Dr. Taylor in the fall of 1882 located the certificate on the land in controversy, said certificate having been sold to him by Johns & Spence; that from 1882 taxes were paid on the land by Dr. Taylor and those claiming under him, and they have at all times claimed the land. A. M. Fore died in 1891 or 1892, and this suit was instituted on July 11, 1911, by appellees. The circumstances tend very strongly to show a transfer of the certificate to Dr. Taylor by A. M. Fore, but there were facts which perhaps justified a submission of the matter to the jury, and we would not feel authorized, although not at all satisfied with the proof offered by defendants in error, to disturb the verdict.

[1] There was evidence, however, tending to show that Dr. Taylor and those holding under him had perfected a title, not only to the 746⅔ acres adjudged to a portion of the defendants in error, but to the whole 1,280 acres of land. The court did not submit the issue of limitations as to the remaining 533⅓ acres of land claimed by plaintiffs in error, and refused a charge requested by plaintiffs in error which sought to present the issue. This was error.

[2] There was no effort to impeach the reputations of Johns & Spence for truth and veracity, or honest and upright dealing, either directly or indirectly, and the court did not err in rejecting evidence as to their reputations for honesty and fair dealing. The presumption prevails that such was their reputation and plaintiffs in error could have argued to the jury that such was their reputation.

Because of the error of the court in refusing the special charge presenting the issue of ten years' limitation, the judgment is reversed, and the cause remanded.

CARL, J., entered his disqualification, and did not sit in this cause.

On Motion for Rehearing.

FLY, C. J. The motion for rehearing is overruled, except to grant the request to pass upon the cross-assignments of error.

The witness Von Rosenberg swore to the acts of Dr. M. A. Taylor in connection with his location of the certificate, and stated that he claimed it. Even if the statement that Taylor claimed the certificate which he had in his possession and which he located upon the land was not admissible, we fail to see how it could have possibly injured appellee. If the acts of ownership in connection with the certificate did not show a claim to it,

no language would. The testimony of Von Rosenberg was permissible.

[3] A deed or other instrument may be shown to have existed by circumstantial evidence, and testimony not authorized by statute may be used in proving up the lost instrument. Crain v. Huntington, 81 Tex. 614, 17 S. W. 243. In the cited case the claim of the party to the land is given as a circumstance showing the existence of a deed. The circumstances in that case are no stronger in proving up a lost deed than the circumstances in this case.

The letter of Johns & Spence to Baines & Chrisman was properly admitted in evidence as tending to show a transfer of the certificate, and its destruction by fire. The evidence showed that the communication was sent by the parties to whom it was written to H. M. Fore. The cross-assignments are not sustained. Guffey v. Hooks, 47 Tex. Civ. App. 560, 106 S. W. 690.