## QUALLS v. FOWLER et al. (No. 1624.)

(Court of Civil Appeals of Texas. Texarkana. April 27, 1916. On Rehearing, May 4, 1916.)

1. JUDGMENT ⬦⟳570(1)—BAR—DISMISSAL.

A judgment of dismissal for failure to comply with the rule for costs, not adjudging the rights of the parties, is not a bar to a later similar suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028, 1036, 1165; Dec. Dig. ⬦⟳570(1).]

2. LIMITATION OF ACTIONS ⬦⟳19(2)—RECOVERY OF REAL ESTATE.

The four-year statute of limitation does not apply to an action of trespass to try title.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 74; Dec. Dig. ⬦⟳19(2).]

3. TRIAL ⬦⟳260(1)—REQUESTS FOR INSTRUCTIONS—ISSUE ALREADY PRESENTED.

No instruction is required as to an issue fully presented in questions propounded by the court, to which no objection is made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ⬦⟳260(1).]

4. NEW TRIAL ⬦⟳108(2)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

It is not an abuse of discretion to refuse new trial in action to try title to wife's separate property because of 'newly discovered evidence of admissions made by her husband, not in her presence, after the conveyance under which appellants claim.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 227; Dec. Dig. ⬦⟳108(2).]

5. EVIDENCE ⬦⟳248(1)—ADMISSIONS BY REPRESENTATIVE OR HUSBAND AFTER CONVEYANCE.

In an action to try title by wife, with her husband, against vendees claiming more land conveyed than grantors claim was intended, admissions by the husband, not in wife's presence,

---

after the conveyance, as to the acreage deemed conveyed, do not bind her.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953, 956, 959, 963, 964; Dec. Dig. ⊕248(1); Husband. and Wife, Cent. Dig. § 139.]

6. NEW TRIAL ⊕105—NEWLY DISCOVERED EVIDENCE — ADMISSIONS — CREDIBILITY OF WITNESS.

Such testimony would only have the effect to discredit her husband.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 221–223, 229; Dec. Dig. ⊕ 105.]

7. NEW TRIAL ⊕104(1)—NEWLY DISCOVERED EVIDENCE MERELY CUMULATIVE.

Ordinarily newly discovered evidence, merely cumulative, will not require new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218, 228; Dec. Dig. ⊕104(1).]

8. NEW TRIAL ⊕105 — NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF WITNESS.

Ordinarily newly discovered evidence, designed merely for impeachment, will not require new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 221–223, 229; Dec. Dig. ⊕ 105.]

On Rehearing.

9. APPEAL AND ERROR ⊕833(4)—REHEARING —MOTION—AMENDMENT.

An appellant may probably amend a motion for rehearing, if done within the time limit therefor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3231, 3233, 3234, 3236–3239; Dec. Dig. ⊕833(4).]

10. APPEAL AND ERROR ⊕833(4)—REHEARING—MOTION—AMENDMENT.

In case of amendment of motion for rehearing, the original motion will be dismissed, and only the amended motion considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3231, 3233, 3234, 3236–3239; Dec. Dig. ⊕833(4).]

11. APPEAL AND ERROR ⊕832(1)—REHEARING — GROUNDS — OPINION — WRITER NOT HEARING ORAL ARGUMENT.

Where the case was thoroughly discussed by all members of the court, and those who heard the argument fully concurred in the disposition of the appeal, rehearing will not be granted because the writer of the original opinion did not hear the oral argument.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3218, 3220, 3223–3225; Dec. Dig. ⊕832(1).]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Eliza Fowler and husband against George Qualls. From a judgment for plaintiffs, defendant appeals. Affirmed.

Simkins & Simkins, of Corsicana, for appellant. McClellan & Prince and Jack & Jack, all of Corsicana, for appellees.

HODGES, J. The appellee, plaintiff below, in October, 1909, instituted a suit, numbered 7601 on the docket of the trial court, against the appellant, in the form of an action of trespass to try title, for the land involved in this suit. On their failure to comply with the rule for costs, the case was dismissed, and the judgment so stated. In Feb-ruary, 1912, they filed this suit, to cover same land, which was numbered on the docket of the trial court 8234. The appellant, as defendant below, filed a plea in abatement to this suit, seeking to defeat it on the ground that the dismissal of cause No. 7601 for failure to comply with the rule for costs was a bar. In answer to this plea the appellees filed a supplemental petition, setting up the facts surrounding the dismissal of suit No. 7601, and prayed the court to set aside the dismissal, reinstate that suit, and consolidate it with this. The court overruled the plea in abatement.

The petition in this case contains one count, which is in the form of an action of trespass to try title. Among other defenses the appellant pleaded not guilty, the statute of limitations of three, four, and five years, improvements in good faith, the former judgment in bar of this action, and denied the other material allegations contained in the plaintiffs' petition. It appears from the evidence that the defense relied upon is a deed executed by appellees, Eliza Fowler and her husband, Washington Fowler, made some years prior to the institution of the first suit. That deed includes within its description about 46 acres of land. The appellees contended that this description, if it did include 46 acres, was a mistake; that they sold to the appellant 6 acres, and the deed should have conveyed only that number. The pleadings show that the land belongs to Eliza Fowler, the wife of her coappellee; that it was a part of her separate estate inherited from her father. It also appears that both of the appellees were negroes, and were unable to read and write, and accepted the statements of the notary as to what the deed contained. The appellant relies as a defense upon the wording of the deed as it actually appears now upon the record. The case was submitted upon special issues, and only the two following questions were propounded to the jury:

"(1) At the time of and in making the sale by Wash. Fowler and Eliza Fowler to George Qualls, did plaintiffs and the defendant have the purpose and intend to pass title to George Qualls to six acres of land lying outside of the inclosed land of Wash. and Eliza Fowler? If you answer this question in the affirmative, and find that only six acres was intended to be conveyed, then you will describe as best you can the land which you find was intended to be so conveyed.

"(2) At the time of and in making the sale by Wash. Fowler and Eliza Fowler to George Qualls, did plaintiffs and the defendant have the purpose and intend to sell and pass title to George Qualls to all the land belonging to Wash. and Eliza Fowler lying outside of their inclosed land?"

Both of these questions were answered favorably to the appellees, and the land they intended to convey was described in the verdict.

[1, 2] There was no error in the action of the court in overruling the plea in abatement,

or in bar, as it may be termed. The former judgment relied on as the basis of that plea was merely one of dismissal, and was not res adjudicata of the rights of the parties. The plea of limitation based upon the four-year statute was no defense to this suit; this being an action to recover title and possession of real estate. Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Strickland v. Baugh, 169 S. W. 181.

[3] The special charge, instructing the jury, in effect, that the mistake relied on by the appellees as a ground for impeaching the description in the deed and for a recovery of the land must have been mutual, was properly refused. That issue was fully presented in the questions propounded by the court, to which there was no objection made by the appellant.

[4-8] In his sixth assignment of error the appellant complains of the refusal of the court to grant a new trial, because of the discovery of new evidence not available at the time of the trial. It appears from the affidavits filed that this testimony consists of the statements of three different witnesses that they heard Washington Fowler, one of the appellees, say on different occasions that he had sold all of the land outside of his inclosure to the appellant. The diligence disclosed by the record is not entirely satisfactory. It appears that the parties whose testimony was discovered after the trial were residents of the same community, and neighbors of the parties interested. Why their testimony was not sooner discovered does not appear. But in any event it cannot be said that the trial court abused his discretion in refusing a new trial. The land sued for being the separate property of Eliza Fowler, admissions made by her husband after the conveyance, and not in her presence, could not bind her. Such testimony would only have the effect to discredit her husband. Clapp v. Engledow, 82 Tex. 290, 18 S. W. 146; Evans v. Purinton, 12 Tex. Civ. App. 158, 34 S. W. 350. It is well settled in this state that testimony which is merely cumulative, or which is designed merely for impeachment, will not ordinarily serve as a basis for a new trial. Pelly v. Denison & S. Ry. Co., 78 S. W. 542; T. & N. O. Ry. Co. v. Scarborough, 101 Tex. 436, 108 S. W. 804.

The judgment of the district court is affirmed.

### On Rehearing.

[9, 10] On April 25th the appellant filed a motion for a rehearing in this case, and on April 27th he filed what is styled an "amended motion" for a rehearing. Both of these instruments were filed within the time permitted by law for filing such motions. It has not been customary in this court for two motions for a rehearing to be filed by the same appellant in the same appeal. The appellant should probably be conceded the right to amend his motion for a rehearing, if done within the time limit; but such amendment will be treated by this court as a substitute for the original. We cannot permit the practice of filing as many different motions in separate instruments as the parties may feel inclined to write. We shall therefore dismiss the original and consider only the amended motion.

[11] The point is made that the writer did not hear the oral argument when this case was presented to this court. That is true; but the case in all of its phases was thoroughly discussed by all the members of the court, and those who did hear the argument fully concur in the disposition made of the appeal. There is nothing in the motion which has not been fully considered heretofore.

Upon a consideration of the whole case, we feel that the judgment rendered in the court below was the proper one. The motion is therefore overruled.