COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-376-CV

 

 

DONALD HOGUE AND ELTA HOGUE                                     APPELLANTS

 

                                                   V.

 

PROPATH LABORATORY, INC. AND

PROPATH SERVICES, L.L.P.                                                   APPELLEES

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.      Introduction








Appellants Donald Hogue and
Elta Hogue sued ProPath Laboratory, Inc. and ProPath Services, L.L.C. after a
pathologist employed by ProPath Services allegedly failed to detect the
presence of melanoma in a lesion removed from Donald Hogue=s skin and submitted to ProPath Services for analysis.  The trial court granted partial summary
judgment in favor of the ProPath entities on the Hogues= claims for negligence, negligent misrepresentation, and deceptive
trade practices.  The Hogues= breach of implied warranty claim proceeded to trial, but at the close
of the Hogues= evidence,
the trial court directed a verdict in favor of the ProPath entities.  The trial court later denied the Hogues= motion for new trial.  The
Hogues now appeal from the summary judgment, the directed verdict, and the
denial of their motion for new trial.  We
affirm.

II.     Background

On July 17, 1998, Donald
Hogue consulted Dr. Karen Spetman about a skin lesion on his back.  Dr. Spetman biopsied the lesion and submitted
the specimen to ProPath Services for analysis to determine the existence or nonexistence
of a malignancy.  ProPath Services is a
group medical practice of pathologists. 
ProPath Laboratory provides technical support to ProPath Services, such
as making slides of the lesion specimen concerned here. 

Dr. Donald Cohen, an employee
of ProPath Services, performed a pathology review of the skin lesion and issued
a medical diagnosis in which he concluded that the specimen was a nonmalignant
freckle.  His report was provided to Dr.
Spetman, who passed the diagnosis on to Mr. Hogue. 








In March 2000, Mr. Hogue
consulted Dr. Spetman again about other lesions.  Dr. Spetman diagnosed those lesions as
melanoma and referred Mr. Hogue to Dr. John Adnot, a dermatologist specializing
in skin cancer, for removal.  Dr. Adnot
biopsied a lesion that, according to the Hogues, was the same lesion biopsied
by Dr. Spetman in 1998.  He sent a sample
of the lesion to Dr. Clay Cockerell, a dermatopathologist,[1]
for analysis.  Dr. Cockerell confirmed
the diagnosis of melanoma.  Dr. Adnot
obtained and reviewed the slide of the original lesion submitted to ProPath
Services and sent it to Dr. Cockerell, too. 
Both Dr. Adnot and Dr. Cockerell concluded that melanoma could not be
ruled out from the original slide. 

The Hogues sued the ProPath
entities on January 4, 2001, alleging negligence, negligent misrepresentation,
deceptive trade practices, and breach of implied warranties.  The Hogues did not sue Dr. Cohen and did not
claim that Dr. Cohen or the ProPath entities violated a medical standard of
care.  Instead, the gist of the Hogues= complaint was that the ProPath entities routed the subject specimen
to a pathologist rather than a dermatopathologist. 








The ProPath entities moved
for summary judgment, contending that the Hogues= claims were subject to the absolute two-year statute of limitations
under the Medical Liability and Insurance Improvement Act (AMLIIA@).[2]  The trial court granted summary judgment as
to all claims except breach of implied warranty, which proceeded to trial.  At the close of the Hogues= evidence, the trial court directed a verdict in favor of the ProPath
entities.  This appeal followed.

III.     Analysis

A.     Partial Summary Judgment

 

In their first issue, the
Hogues argue that the trial court erred by granting partial summary judgment in
favor of the ProPath entities because the MLIIA does not apply to their claims
and, thus, their claims are not barred by the MLIIA=s absolute two-year statute of limitations.  Specifically, the Hogues contend that ProPath
is not a Ahealthcare
provider@ as defined by the MLIIA.  The
Hogues argue in the alternative that article 4590i=s limitations provision violates the open courts provision of the
Texas Constitution.

 








i.      Applicability of the MLIIA

 

Section 10.01 of the MLIIA
provides: Ano health
care liability claim may be commenced unless the action is filed within two
years from the occurrence of the breach or tort.@  Tex.
Rev. Civ. Stat. Ann. art. 4590i, ' 10.01 (1995 version). This absolute two-year statute of limitations
abolishes the discovery rule in cases governed by the MLIIA.   Diaz v. Westphal, 941 S.W.2d 96, 99
(Tex. 1997).  AHealth care liability claim@ means Aa cause of
action against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care
or health care or safety.@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 1.03(a)(4) (1995 version). AHealth care provider@ means Aany person,
partnership, professional association, corporation, facility, or institution
duly licensed or chartered by the State of Texas to provide health care as a
registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home,
or an officer, employee, or agent thereof acting in the course and scope of his
employment.@  Id. ' 1.03(a)(3).








The Hogues argue that the
ProPath entities do not fit within the definition of Ahealth care provider.@  The ProPath entities offered
as summary judgment evidence the uncontroverted affidavit of Dr. E.P. Jenevein,
who stated that ProPath Services is a group medical practice formed under Texas
law as a limited liability partnership. 
In MacGregor Medical Ass=n v. Campbell, the supreme court held
that Aexcluding professional associations of physicians from article 4590i
protections would thwart express legislative intent . . . expressed in [4590i].@  985 S.W.2d 38, 39 (Tex.
1998).  The supreme court agreed with the
analysis of the first court of appeals rejecting an argument remarkably similar
to the one now made by the Hogues.  Id.,
(citing Campbell v. MacGregor Med. Ass=n, 966 S.W.2d 538, 542-44 (Tex. App.CHouston [1st Dist.] 1997), rev=d in part, 985 S.W.2d 38 (1998)).  The supreme court concluded that former
article 4590iCincluding
the two-year statute of limitationsCapplied to claims made against associations of physicians even though
such associations were not expressly listed by the MLIIA.  MacGregor, 985 S.W.2d at 39.

Because the supreme court has
held that former article 4590i extended to healthcare claims made against
associations of physicians, and ProPath Services offered uncontroverted proof
that it is an association of physicians, we hold that the Hogues= claims against ProPath Services are subject to former article 4590i=s absolute two-year statute of limitations.  The Hogues did not sue ProPath Services until
more than two years after the alleged misdiagnosis in 1998.  Therefore, their claims against ProPath
Services were barred by limitations.

 

 








ii.      Open courts provision

We next consider whether
application of 4590i=s
limitations period to the Hogues= claims against ProPath Services violates the open courts provision of
the Texas constitution.  AThe Texas Constitution guarantees that persons bringing common-law
claims will not unreasonably or arbitrarily be denied access to the courts.@  Shah v. Moss, 67 S.W.3d
836, 841-42 (Tex. 2001) (citing Tex.
Const. art. I, ' 13).  But A[t]he limitations provision in article 4590i . . . does not violate
the open courts guarantee if the plaintiff had a reasonable opportunity to
discover the alleged wrong and bring suit before the limitations period
expired.@  Id. at 842.

In their brief on appeal, the
Hogues admit that Mr. Hogue learned of the alleged misdiagnosis in April
2000.  ProPath Services filed as summary
judgment evidence a June 26, 2000 claim notice letter from the Hogues= attorney to ProPath Services. 
Thus, the Hogues discovered the alleged wrong at least three months
before the two-year statute of limitations expired and retained counsel to
pursue their claims at least a month before limitations expired.   Under these circumstances, applying former
article 4590i=s absolute
two-year statute of limitations does not violate the open courts provision of
the Texas Constitution.  We therefore
hold that the trial court did not err by granting partial summary judgment in
favor of ProPath Services.








iii.     ProPath Laboratory=s partial summary judgment

Unlike ProPath Services,
ProPath Laboratory is not a group of physicians.  Therefore, our conclusion that former section
4590i applies to the Hogues= claims against ProPath Services does not address the propriety of the
summary judgment in favor of ProPath Laboratory.

In addition to moving for
summary judgment on 4590i=s statute of
limitations, ProPath Laboratory moved for summary judgment on the basis that it
was not a party responsible for the actions about which the Hogues
complained.  In support of its motion,
ProPath Laboratory offered the affidavit of its executive director, Krista
Crews.  Crews stated that ProPath
Laboratory provides technical services such as slide preparation and
transcription to the physicians of ProPath Services.  The trial court did not specify any
particular ground when it granted partial summary judgment in favor of ProPath
Laboratory. 








When a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  When the trial court=s judgment rests upon more than one independent ground or defense, the
aggrieved party must assign error to each ground, or the judgment will be
affirmed on the ground to which no complaint is made.  Scott v. Galusha, 890 S.W.2d 945, 948
(Tex. App.CFort Worth
1994, writ denied).

The Hogues have not assigned
error to ProPath Laboratory=s alternative summary judgment ground. 
Therefore, we must affirm the partial summary judgment on that basis.

Having determined that the
trial court did not err by granting partial summary judgment in favor of the
ProPath entities on the Hogues= claims for negligence, negligent misrepresentation, and deceptive
trade practices, we overrule the Hogues= first issue.

B.     Directed Verdict

In their second issue, the
Hogues argue that the trial court erred by directing a verdict in favor of the
ProPath entities on their breach of implied warranty claim.  The warranties identified by the Hogues in
their trial pleading were the implied warranties of merchantability, the
implied warranty of fitness for a particular purpose, and the Aimplied warranty of superior service.@ 








A directed verdict is proper
only under limited circumstances:  (1)
when the evidence conclusively establishes the right of the movant to judgment
or negates the right of the opponent or (2) when the evidence is insufficient
to raise a material fact issue.  See
Prudential Ins. Co. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex.
2000); Ray v. McFarland, 97 S.W.3d 728, 730 (Tex. App.CFort Worth 2003, no pet.); see also Tex. R. Civ. P. 268. 
In reviewing a directed verdict, we must view the evidence in the light
most favorable to the party against whom the verdict was rendered.  Szczepanik v. First S. Trust Co., 883
S.W.2d 648, 649 (Tex. 1994).

Texas law does not recognize
a cause of action for breach of an implied warranty of professional
services.  Murphy v. Campbell, 964
S.W.2d 265, 268 (Tex. 1997); Dennis v. Allison, 698 S.W.2d 94, 96 (Tex.
1985) (holding that patient had no cause of action for breach of implied
warranty against psychiatrist who assaulted her because she had adequate
remedies to address the wrongs committed during treatment).  Further, implied warranties do not apply to a
product provided as an inseparable part of the rendition of medical
services.  Walden v. Jeffery, 907
S.W.2d 446, 448 (Tex. 1995).








The Hogues attempt to
distinguish this case from Murphy, Dennis, Walden and similar
cases.  Their efforts are
unavailing.  Regardless of how the Hogues
cast their allegations, the gravamen of their complaint is that ProPath failed
to provide an accurate diagnosis of Mr. Hogue=s skin lesion.  Dr. Spetman
testified that ProPath physicians perform a professional service when they
interpret slides.  The Hogues attempt to
differentiate between the professional service provided by the pathologist, Dr.
Cohen, and the services provided by the ProPath entities, but we cannot see the
distinction.  Dr. Cohen=s pathology interpretation is the service provided by the
ProPath entities.

The Hogues also argue that we
should recognize an implied warranty in this case because the ProPath entities
did not provide a service to them personally. 
Mr. Hogue testified that he had no contact with anyone at ProPath and
did not hire ProPath to perform any service. 
The Hogues cite no authority to explain how the lack of direct contact
renders the services performed by ProPath something other than professional
services, and our own research has found none. 
We therefore decline to create an implied warranty under the circumstances
presented.

We hold that under the
evidence of this case, viewed in the light most favorable to the Hogues, the
ProPath entities provided a professional service.  Because Texas does not recognize a cause of
action for breach of implied warranty in the professional-services context, the
trial court did not err by directing a verdict in favor of the ProPath
entities.  We overrule the Hogues= second issue.

 

 

 








C.     Motion for New Trial

In their third issue, the
Hogues assert that the trial court erred by overruling their motion for new
trial.  The motion addressed both the
partial summary judgments and the directed verdict. 

Trial courts have broad
discretion in ruling on motions for new trial. 
Limestone Constr., Inc. v. Summit Commercial Indus. Props.,
Inc., 143 S.W.3d 538, 542 (Tex. App.CAustin 2004, no pet.).  We
review the denial of a motion for new trial for an abuse of discretion.  Cliff v. Huggins, 724 S.W.2d 778, 779
(Tex. 1987); Smith v. Holmes, 53 S.W.3d 815, 817 (Tex. App.CAustin 2001, no pet.).  When
reviewing the trial court=s denial of
a new trial, every reasonable presumption will be made in favor of the court=s ruling.  Tex. & N.O.R.
Co. v. Scarborough, 101 Tex. 436, 440, 108 S.W. 804, 806 (1908); Ferguson
v. Globe-Tex. Co., 35 S.W.3d 688, 690 (Tex. App.CAmarillo 2000, pet. denied).

The issues presented by the
Hogues in their motion for new trial are the 
same issues we have already considered and overruled in this
appeal.  We therefore hold that the trial
court did not abuse its discretion by overruling the Hogues= motion for new trial.  We
overrule their third issue.

 

 








IV.    Conclusion

Having overruled the Hogues= three issues, we affirm the judgment of the trial court.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DELIVERED:
April 13, 2006











[1]A
dermatopathologist is a pathologist who evaluates diseases of the skin. 





[2]See Act
of May 5, 1995, 74th Leg., R.S., ch. 140, ' 1, 1995 Tex. Gen. Laws 985,
985-87, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, '
10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon Supp. 2005)).  All section
references in this opinion are to the 1995 version of Texas Revised Civil
Statutes article 4590i, which was in effect at the time this suit was filed and
will be referred to as the A1995 version@ or Aformer
version.@