### JOHN GREGG, EXECUTOR v. RICHARD BANKHEAD.

An application for a re-hearing, after the term at which judgment has been rendered, on the ground of newly discovered testimony, is properly dismissed, where it appears that the facts, to which it is proposed the witness should testify on another trial, transpired between the witness and the party; and that his attorney knew of the materiality of the witness, and neither attempted to obtain his testimony, nor to postpone the trial until it could be procured.

The want of recollection of a fact, which, by due attention, might have been re membered, is not such newly discovered evidence, as will entitle the party to a new trial.

See this case for facts, showing such want of diligence in presenting grounds for new trial, as would be deemed manifestly insufficient, even if made during the term; and more conclusively so, on an application made after the term, not until the petitioner had prosecuted an appeal from the judgment, to a final judgment in this court.

This case is not distinguishable, in principle, from the case of Cook v. Garza, 13 Tex. Rep. 431.

APPEAL from Freestone. Tried below before the Hon. Charles A. Frazer.

Action by appellant against the appellee. The petition, filed May 5th, 1857, sought to obtain a new trial, in a case determined between the appellee and the plaintiff's testator, in the District Court of Freestone county, which was instituted on the eighth day of November, 1854, by Richard Bankhead, against William G. Kolb, now deceased, for damages for certain alleged trespasses, committed by the defendant on the land of Bankhead, in causing timber to be cut on the same, &c. This cause was tried and determined at the Spring Term of said District Court, 1856, and judgment rendered for the plaintiff therein, for the sum of one hundred dollars, and costs of suit. The defendant in that suit, prosecuted an appeal to the Supreme Court; the judgment was in that court affirmed on the 3d day of January, 1857, and execution issued thereon, on the 3d day of January.

On the 6th day of February, the defendant, Kolb, made affidavit to the original petition, in this case, which sought, as well to enjoin the said execution, as to obtain a new trial in the case, and before the filing thereof, died; and the appellant, as executor of his last will and testament, on the 18th day of April, 1857, made oath to a supplemental petition attached to the original; and the said petitions, with accompanying exhibits, were filed at the date before stated. The writs prayed for, (enjoining and superseding the execution,) were ordered to issue by the district judge, at chambers. Fiat dated April 30th, 1857.

The petition, prepared by Kolb in his lifetime, alleged that, since the termination of said suit, he had discovered new

evidence, which, if it had been before the jury on the trial of the said cause, would have changed the result, and exculpated him from the charges contained in the plaintiff's petition. The said petition alleged as follows: "Your petitioner further shows to "your honor, that he used all the diligence in his power, to "make a proper defence to his case, and did not know that the "witness, who has, since the trial, informed your petitioner of "the new evidence, that was so important in the trial of his "cause, was in possession of said facts. And your petitioner "failed to ascertain the said facts, because the said witness, "Campbell, was absent from this State," (the witness whose testimony is claimed to be newly discovered) "for some time "previous to, and after the trial; and petititioner knew not "where he was, until after the cause had been tried, and judg- "ment entered.

"Petitioner would further show, that the gist of said cause "was, the charge of petitioner's suffering one Wood, a waggon "maker, to cut timber upon the land of Bankhead, who was a "witness against petitioner, in said cause; whose testimony, as "recited in the statement of facts agreed upon by counsel, is "herewith filed, marked 'A,' and prayed to be made a part of "this bill; that wrong has been done him; and that this newly "discovered evidence of said Campbell, would have changed "the verdict in his favor, could it have been before the court "and jury trying said cause."

Prayer for injunction, restraining the collection of the judg- ment, a review thereof, that the same be set aside, and a re- hearing of the whole matter, granted.

An additional petition, filed with the foregoing, by the appel- lant, averred the belief of the petitioner, that the affidavit of Campbell, filed with the same, was a true statement of the facts, at the time the witness, Wood, cut the timber; which cut- ting was charged in the petition against Kolb, as a trespass against Bankhead, by the defendant; that the said affidavit showed, that witness had made himself responsible for the timber cut outside of the land of Kolb, to whomsoever the tim-

ber, so cut, might belong; that Wood was indirectly testifying in his own favor; that Campbell was a man more reliable, as to veracity, than Wood; that the difference in character of the two men, would make a difference in favor of Campbell, before any intelligent jury; that he, (appellant) was the attorney of the defendant, Kolb, in the said cause, and that Kolb had always asserted to him, that he had never given any authority to Wood to cut timber, where the same was cut on Bankhead's land; and believed, if a new trial is granted, he could obtain a verdict in his favor.

The statement of facts, as agreed upon by the attorneys in the suit, tried and determined as aforesaid, was attached to this petition, and contained the testimony of the witness, Wood, tending to establish the fact that he, Wood, had contracted with the defendant, Kolb, for timber suitable for waggon making, and that Kolb pointed out to him the land on which he might obtain it; that he accordingly cut it; and that the defendant's son-in-law, and the defendant, hauled the same away for him to town.

By other testimony, it was shown that the timber was cut upon the land of Bankhead.

The affidavit of Campbell, referred to in the petition, made the 6th day of February, 1857, stated, that William G. Kolb agreed to sell timber to William S. Wood and himself, and they were cutting up the third tree, when Kolb came up, and manifested great surprise. He told them they were not cutting timber off his (Kolb's) land; must desist cutting there, and go east of where they were, so as to be certain that the timber cut would be on his (Kolb's) land. Wood told Kolb that he thought they were still on his (Kolb's) land, telling him that he had seen the lines, some half mile north of where they (Wood and affiant) were cutting. Landon Walker, who was present, also told them, that he thought they were on Kolb's land. Kolb persisted in saying, that he thought we were not on his land, saying he did not know where the line was, and requesting us again to go farther east. Wood told Kolb, that he (Wood)

would hold himself responsible, if all the timber, which was cut down, was not on his (Kolb's) land. Kolb received about eight or ten dollars for the timber cut, which was worth about twenty-five dollars. Kolb would not, himself, agree to haul away the timber cut, but hired his waggon and team to affiant, at three dollars, or three dollars and a half per day, and affiant hauled it away. He also charged Wood and affiant board for the time they were with him.

The affidavit of W. F. Daniel, the attorney of Kolb, which was filed at the term of the trial of this cause, 27th of October, 1857, stated, that affiant was one of the counsel for W. G. Kolb, on the trial of the suit referred to; had frequent conversations with Kolb in regard to his case; heard him frequently speak of the witness, Campbell, who at that time had been subpoenaed as a witness on the part of plaintiff, Bankhead; and Kolb inquired of affiant, if he knew what Campbell would testify to. Affiant told him he did not know, but supposed, from the fact of his being a witness for plaintiff, his testimony would not be in his favor. In February last, Kolb, in company with Judge Gregg, who was associate counsel with affiant in the cause, informed affiant, that Campbell had just returned from Tennessee, and had informed them, for the first time, of the newly discovered evidence, and requested affiant to take such legal steps, as would best secure and protect his rights in the matter; that affiant believed the facts stated in the amended petition were true, and were such as Kolb stated to affiant, previous to drawing the petition for review.

The amended petition, filed on the 27th day of October, 1857, alleged that the newly discovered testimony referred to in his original bill of review, did not come to his knowledge, until after trial and judgment, and too late for the defendant, Kolb, to avail himself of its benefit, and of a motion for new trial. Further, that the said newly discovered testimony was made known to him, on or about the 6th day of February, 1857, which was after a motion for new trial in the said cause, and after the said cause was affirmed in the Supreme Court; that at the Spring Term of

the District Court, on the 26th day of April, 1856, a motion for new trial was made, which did not allude to the testimony of Campbell, because the witness was then absent in Tennessee, and for that reason, the defendant was not able to know what would be his testimony, by any exertions he could make; that the motion was overruled, the cause carried to the Supreme Court, and the judgment affirmed on the 20th day of December, 1856; that the defendant, after said affirmance, ascertained the new, material, and important testimony from Campbell, on or about the 6th day of February, 1857, on which day, application was made in this suit for a review and new trial.

On the 26th day of October, 1857, the defendant in this suit, (styled the plaintiff in the record) Bankhead, excepted to the original petition and supplement, by a general exception to the sufficiency of the matters and things set forth therein, which exception was sustained by the court; and the petitioner amended, by leave of court, and filed the amendment herein before set forth. The defendant also moved to dissolve the injunction, and dismiss the cause; because the plaintiff had had his day in court, as appeared from the plaintiff's allegations, and the records of the court; because the court had no jurisdiction of the matter complained of for review or new trial, as therein stated; and for want of equity in the bill.

Exceptions to the petition and amended petition, were sustained, and the motion to dissolve the injunction and dismiss the cause, was also sustained; and judgment was rendered accordingly. The appellant assigned as error, the ruling of the court below, in sustaining the exceptions to the original and amended petitions, and dissolving the injunction.

*S. C. Simmons*, for appellant.

*James C. Walker*, for appellee. It appears to us that the facts are sufficient, and do show an utter want of diligence in the preparation of the defence to the former suit; and the rules laid down by this court, in regard to new trials and bills

of review, in the following cases, must be decisive of this case against the appellant. (Madden v. Shapard, 3 Tex. Rep. 49; Watts v. Johnson, 4 Id. 311.)

In Cook v. Garza, 13 Tex. Rep. 431, this court said,— "Nothing is better settled, or can be clearer on principle, than "that, to entitle a party to a new trial, after the term, he must "show sufficient matter to have entitled him to a new trial, if "applied for at the term, and a sufficient legal excuse for not "having then made his application. If the defendant was sur- "prised at the testimony of the witnesses on the former trial, "he, of course, knew it; if these (this) witnesses, whose affida- "vits he has obtained, were witnesses of the transactions deposed "by the witnesses at the trial, he must have known it; for it is "not pretended that he was not present, whether guilty of the "trespasses deposed to, or not. Is he to be heard, now, to "allege as a ground for granting a new trial, or as an excuse "for not having sooner made his application, that he did not "know of the materiality of the testimony of these witnesses, or "what facts he could prove by them, until since the judgment "in that case was affirmed by this court? They appear to be "the same persons who were implicated with him, in the trespass "complained of in that suit; and the court might very properly "have looked to the record in that suit, on this application for "a review; as to that, which a party might have known, by "the use of proper diligence, he is held to the *same legal* "*responsibility, in all respects,* as if he *actually knew,* and he "*will not be heard,* to allege his *ignorance* of the facts."

The analogy between the case last cited, and the one at bar, is suggested as an excuse for this lengthy quotation. The same principles were re-affirmed in the case of Goss v. McClaren, 17 Tex. Rep. 107; and in the case of Caperton v. Wanslow, 18 Id. 125. "And the matter must not only be *new,* but it must "be such as the party *could not,* by the use of *reasonable* dili- "gence, *have known;* for if there be any *laches,* or *negligence* "in this respect, it destroys the title to relief." (2 Barb. Ch. Pr. 92; Wiser v. Blackly, 2 Johns. Ch. Rep. 488;

Livingston v. Hubbs, 3 Id. 124; Lansing v. Albany Ins. Co. Hopk. Ch. Rep. 102.)

WHEELER, Ch. J. The petition and accompanying affidavits, manifestly disclosed no sufficient ground for awarding a new trial. The alleged ground is newly discovered evidence; but the affidavits of the witnesses show plainly, that the proposed evidence was not newly discovered. The facts, to which it was proposed the witness should testify, upon another trial, had transpired between the witness and the party. It consequently must have been known to him, that the witness was cognizant of what did transpire, on the occasion of which he speaks. Moreover, the affidavit of the attorney of the party shows, that he knew of the materiality of the witness. He, then, should have obtained his testimony; or, if it could not be had at that term, he should have placed himself in a situation to have the trial postponed, until he could procure it. The most favorable view that can be taken of the petitioner's case, is, that he may have forgotten what transpired, as deposed to by the witness, or the presence of the witness; but this would not entitle him to a new trial. A want of recollection of a fact, which, by due attention, might have been remembered, is not such newly discovered evidence as will procure a new trial. (1 Grah. & Wat. on New Trials, p. 447.) The application shows no diligence, but the contrary; and must have been deemed manifestly insufficient, if made during the term. Much more must it be so held, when the party has delayed making it, without showing any sufficient legal excuse, until after he had prosecuted his appeal from the judgment, to a final judgment in this court. He appears to have availed himself of all the delays known to the law. The case is not distinguishable, in principle, from the case of Cook v. Garza, 13 Tex. Rep. 431.

The judgment was rightly rendered, upon the motion to dissolve the injunction, and dismiss the petition against the principal and sureties in the injunction bond. Judgment affirmed.

Judgment affirmed.