## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. HUGH JOHNSON ET AL.

### No. 1791. Decided March 18, 1908.

**1.—Charge—Undue Prominence—Railway Blocking Street.**

In case of a plaintiff injured by the movement of cars while he was climbing across the bumpers between them an instruction is considered and held not erroneous because giving undue prominence to the conduct of the defendant railway company in obstructing the street with its cars in violation of a city ordinance. (Pp. 429, 431.)

**2.—Negligence—Obstructing Street with Cars.**

The court did not err in refusing a requested instruction that the act of a defendant railway company in blocking a street with its cars in violation of a city ordinance could not constitute negligence giving a ground for recovery by one injured by the movement of the cars while attempting to climb over the bumpers between them. (Pp. 430, 431.)

**3.—Same—Proximate Cause.**

The question whether defendant's act in blocking a street crossing with its cars was a proximate cause of injury to one hurt by their movement

while attempting to pass between them appears to be a mixed question of law and fact which should be submitted to the jury, and not one of law only, such as the Supreme Court could determine.  (P. 431.)

**4.—Charge—Absence of Affirmative Error—Request.**

An instruction to find for defendant on finding the existence of several facts either of which singly would constitute a defense, was not affirmative, error, nor available to defendant, unless he requested correct special charges thereon.  (P. 431.)

Questions certified on dissent from the Court of Civil Appeals for the Second District, in appeal from Dallam County.

The opinion of the Court of Civil Appeals and the dissenting opinion of Mr. Justice Speer are here given.

STEPHENS, J.—This suit was brought in the name of Hugh Johnson, a minor, by his father, W. L. Johnson, as next friend, who also sued in his own behalf, to recover damages for personal injuries sustained by Hugh Johnson on the 5th day of June, 1906, in crossing the railway track of appellant in the town of Dalhart, Texas.  The trial resulted in a verdict for $18,000 in favor of Hugh Johnson, and $2,000 in favor of W. L. Johnson, but the court required one-half the recovery to be remitted, and entered judgment accordingly.

The ground of recovery alleged was the negligence of appellant in blocking the street with a train of freight cars, and in permitting the same to remain obstructed for a longer period than five minutes, in violation of an ordinance of the town of Dalhart, and in suddenly moving this train of cars without warning, by ringing the bell or blowing the whistle or otherwise, to Hugh Johnson, who attempted to cross between the cars. It was alleged that people had been in the habit of crossing between the cars under such circumstances; that appellant was aware of this fact: and that Hugh Johnson, observing this, and thinking it would be safe for him to pass between the cars, and also observing one of the servants of appellant, or a person he thought to be one of appellant's servants in charge of the train, who was standing near the track, make a motion with his hand inviting him to pass between the cars, and relying upon this motion as an invitation, and also upon the fact that others were or had been crossing between the cars with the knowledge of appellant, he too attempted to do so, when his foot was caught between the bumpers and mashed. It was further alleged as a ground of recovery that the employes in charge of the train after discovering the perilous position of Hugh Johnson negligently set the train in motion.

Contributory negligence was one of the defenses relied on, and consisted, as alleged, in the conduct of Hugh Johnson in attempting to cross between the cars when no person of ordinary prudence would have attempted such a thing, and also in his placing his foot between the bumpers.

Error is first assigned to the charge of the court submitting the defense of contributory negligence, in that it required the jury to

find that Hugh Johnson was negligent both in the attempt to cross between the cars and in the manner in which he stepped upon the coupling while in the act of crossing. This charge states that it is given "in lieu and as a substitute for special charges requested by the defendant," and the language of the part objected to is as follows: "If you believe from the evidence that the plaintiff, Hugh Johnson, attempted to cross between two cars on defendant's track, and that it was negligence on his part so to do, and if you believe that in attempting the crossing he was guilty of negligence in the manner in which he stepped upon said coupling and attempted to cross, and that said negligence, if any, contributed to his injury, the plaintiffs can not recover herein unless you find for the plaintiffs under paragraph 4 of this charge," which submitted the issue of discovered peril. In the special charge or charges referred to, the court was requested to submit these defenses disjunctively, but the requested charge most in point and least objectionable contained one or more features which rendered it inadmissible. The rule is well settled that the court, in dealing with a requested instruction, is not required to segregate the good from the bad, but may refuse it entirely where it is substantially incorrect. In this instance, however, the court did undertake to reproduce in his charge the admissible portion of the requested instruction, and it may be that this should be treated as an exception to the rule. But be this as it may, if appellant on account of the defects in its requested instruction is not in position to claim a reversal of the judgment, the court nevertheless, in order to fairly present the defenses to the jury, should have submitted them disjunctively, and not conjunctively as was done. See Kershner v. Latimer (Tex. Civ. App.), 64 S. W. Rep., 237, which seems to sustain the contention of appellant that the charge was erroneous and misleading, but in view of the disposition made of the appeal under other assignments, we do not find it necessary to determine this question.

In the third paragraph of the charge the conduct of appellant in obstructing the street with its cars in violation of the city ordinance was made unduly prominent, and error is assigned, not only to this feature of the charge, but also to the refusal of the third special instruction requested by appellant to the effect that its negligence in blocking the street would not warrant a recovery, and these assignments we think must be sustained.

Hugh Johnson, who was an adult of more than 17 years at the time of the accident, made it quite clear in his testimony that he undertook to pass between the cars because of an invitation of a man who seemed to him to be engaged in directing the movements of the train, the invitation as he construed it being given by the motion of the hand, and that he would not have undertaken to pass between the cars but for this fact. He was traveling along the street, and, finding it obstructed, turned aside to a path that led across the railway track, and waited there some 10 or 15 minutes or longer without attempting to cross, and, as he admitted, without intending to cross, although he had noticed others crossing

between the cars, until the train was moved out of the way, when he observed the man motion to him, as he supposed, to cross over, on the faith of which alone he undertook to cross. That the blocking of the street under such circumstances, though an act of negligence and a criminal act at that, could not have been the proximate cause of the injury, but was only the occasion or a remote cause thereof, seems clear enough. The following authorities cited by appellant illustrate and sustain this conclusion, to wit: De La Pena v. International & G. N. R. Co., 32 Texas Civ. App., 241, and Texas & Pacific Ry. Co. v. Kelly (Texas Civ. App.), 78 S. W., 372. Other cases more or less in point might be cited, as, for instance, cases holding that the failure of train operatives to give the statutory signals is not the proximate cause of injury to one who is aware of the approach of the train in time to avoid the collision. There are cases holding that the obstruction of a street by a railway train may properly be treated as a proximate cause of an injury to one who attempts to use the street by crossing between the cars; but these are cases in which the person injured was a child, as contradistinguished from an adult. In the case before us, which is that of an adult, the proximate cause of the injury was the negligence of appellant's servants in suddenly putting the train in motion after inviting Hugh Johnson to pass between the cars, or after acting in such manner as that a person situated as he was might reasonably conclude that he had been so invited, that is, if the evidence warranted such finding of negligence.

Because the court gave undue prominence to a criminal act of negligence, which was clearly not the proximate cause of the injury, and refused the special instruction on this point as indicated above, the judgment is reversed, and the cause remanded for a new trial.

SPEER, J. (dissenting).—Appellant's third special charge could only have been given upon the theory that its negligence in blocking the crossing was not the proximate cause of appellee's injuries, and in reversing the case for the refusal of this charge the majority opinion has adopted that view of the law. The cases relied on by appellant to support this proposition are not decisive. In De La Pena v. International & Great Northern R. Co., 32 Texas Civ. App., 241, the plaintiff, finding the street crossing blockaded with cars, took a path running along the railroad's right of way for the purpose of going around the cars, and while walking along the path stepped into a hole or open drain and broke his leg. The case of Texas & Pac. Ry. Co. v. Kelly (Tex. Civ. App.), 78 S. W., 372, is very similar. Plaintiff was riding in a vehicle, and upon reaching the street found it completely blocked by the defendant's cars, and, after standing at the crossing for 10 or 15 minutes waiting for the cars to be moved, drove out of the street, and endeavored to cross over the defendant's tracks, and while thus attempting to cross, one wheel of the vehicle went into a hole or depression upon one of the tracks, throwing the plaintiff out upon the ground, by which she sustained serious injuries.

In each of these cases the negligence of the company in blockading the street was held to be the remote and not the proximate cause of the injuries. In each it will be seen that there was an intervening efficient cause for the injury, but for which the accident would not have occurred, and for which in the particular cases the defendant was not liable. But not so in the present case. It can not be said that the "negligence of appellant's servants in charge of the train in suddenly putting it in motion after inviting Hugh Johnson to cross between the cars, or after acting in such manner as that a person situated as he was might reasonably conclude that he had been invited to pass between the cars," was an intervening efficient cause of the injury, for the injury could not have happened by reason of these acts alone, divorced from the further negligent act of blockading the street. The blockading of the street and the negligent starting of the cars in motion are so interwoven as to constitute an inseparable act of negligence, and it would be improper to attempt to separate them and to inquire whether either alone was the sole proximate cause. The cases of Burger v. Missouri Pac. Ry. Co., 112 Mo., 238; 20 S. W. Rep., 439; 34 Am. St. Rep., 379, and Lake Erie & W. Ry. Co. v. Mackey, 53 Ohio St., 370; 41 N. E. 980; 29 L. R. A., 757; 53 Am. St. Rep., 641, are very much in point, and sustain the proposition just announced. In the case first cited the following quotation is made: "Now adjust the acts of stopping and starting ever so nicely to the maxim *causa proxima,* and not a step of advance is taken by the defense, for the company is equally liable for both causes. If you say it was the starting and not the stopping of the cars that did the mischief, the question of plaintiff's negligence in suffering his son to be under them is still in the case, but you have made no progress in the defense, because if it was wrong in the start, the company are as responsible for it as for any wrong in the stop. The nature of the case, however, does not admit of this nice distinction. The conduct of that train of cars was one thing, intrusted as a special duty to one man, and, if his mismanagement injured the plaintiff, without fault on the plaintiff's part, the company are liable for it. To split such a single, simple, individual cause into two causes, and to christen them *proxima* and *remota,* is to embarrass ourselves unnecessarily, and to obstruct the course of justice." The case then holds: "The negligent and unlawful obstruction of the street continued until the negligent starting of the cars commenced, and the two alleged causes of the injury were not separable in the sense that one only would be the proximate cause of the damage." The second case affirms the same doctrine as follows: "Nor are the two negligent acts independent of each other. Both concur in constituting an act of negligence, viz., the negligent starting of a train negligently and unlawfully obstructing a street crossing." The rule which should determine this and all kindred cases is well expressed in Mills v. Missouri, K. & T. Ry. Co. of Texas, 94 Texas, 242; 59 S. W. Rep., 874; 55 L. R. A., 497, wherein Mr. Justice Williams, speaking for our Supreme Court, said: "Whether or not negli-

gence of the defendant constituted a proximate cause of plaintiff's
injury must be determined from a consideration of everything that
happened.    It would be a mistaken way of viewing the evidence
to take separately each act or omission which may be found to
have been negligent, and inquire if it alone constituted the proxi-
mate cause.    The combined effect of all may be considered, and
when this is done, and if it is to be also found that no negli-
gence of plaintiff caused or contributed to the result, we think it
can not be said, as matter of law, that there was not the proper
causal connection between the conduct of defendant and the injury
to plaintiff.''

In the present case the court's charge required a finding of
negligence both in the particulars of blocking the crossing and
in starting the cars before plaintiff would be entitled to a recovery.
Nor can it be said that the act of the person inviting appellee to
cross between the cars is the sole proximate cause, even though
appellee testifies that he would not have attempted to cross but
for this invitation.    Necessarily he would not have attempted to
cross as he did if the street had not been blockaded, so that his
testimony in this particular does not alter the situation or make
that which would otherwise be a contributing cause the sole proxi-
mate cause of the injury.    Suppose under the evidence the jury
were to find that no signal was given to appellee.    What then
would be the proximate cause of appellee's injuries?    But one
answer can be returned, that is, the negligence of appellant com-
pany in unlawfully blockading the street and in starting its train
without warning to appellee.    Or, suppose the signal was given,
but by some person other than an employe of appellant, then there
would simply be the act of negligence of a third person concurring
with the negligence of appellant, proximately causing appellee's
injuries, and each would be equally liable.    So that in my opinion
it would have been error for the trial court to have given the special
charge, and thus to have said, as matter of law, that the negli-
gence of appellant in blockading the street over which appellee
desired to pass was not a contributing proximate cause to his
injury.

The question last certified, presented in the brief but not passed
on in the above opinions, is raised by appellant's first assignment
of error and first and second propositions thereunder, and will be
found in the extracts from its brief.

*Newton H. Lassiter, Hawkins & Franklin,* and *D. B. Hill,* for
appellant.—[Appellant's first assignment of error.]    The trial court
erred in its substitute charge given to the jury, whereby it instructed
the jury that if they believed from the evidence that the plaintiff,
Hugh Johnson, attempted to cross between two cars on defendant's
track and that it was negligence upon his part to do so, and if they
believe that in attempting to cross he was guilty of negligence
in the manner in which he stepped upon said couplers and at-
tempted to cross, and that said negligence, if any, contributed to

his injury, the plaintiffs could not recover unless the jury found for the plaintiffs under paragraph four of the charge, thereby requiring the jury to find the plaintiff Hugh Johnson guilty of negligence both in crossing and also in stepping upon said couplers before plaintiffs were barred of their recovery.

[First proposition under appellant's first assignment of error.] The appellant having plead and introduced evidence tending to show that appellee Hugh Johnson was guilty of contributory negligence in two respects, that is in attempting to cross between the cars at all and in the manner in which he did cross, appellant was entitled to a verdict if it established either act of negligence and the jury should have been so instructed and should not have been instructed, as it was in this charge that Hugh Johnson must be guilty of negligence both in crossing and also in the manner in which he stepped upon said couplers before appellees were barred of their recovery.

[Statement.] By special instruction No. 15 appellant requested the court to charge the jury that if the said Hugh Johnson attempted to cross between the said cars and that it was negligence on his part to do so, or that he was negligent in putting his foot between the horn or shoulder of the coupler and the dead wood of the car, and was injured, that he could not recover, which charge was refused by the court.

As a substitute for such charge, the court instructed the jury as follows:

"In lieu and as a substitute for special charges requested by defendant, I give you the following instructions which will be considered by you as a part of the law of the case together with the main charge and the special charges given you. Contributory negligence on the part of the plaintiff, Hugh Johnson, is defined to be a failure to exercise that degree of care that a person of ordinary prudence of his age would exercise under the same circumstances, which proximately causes or proximately contributes to his injury. Bearing in mind the above definition, if you believe from the evidence, that the plaintiff, Hugh Johnson, attempted to cross between two cars on defendant's track and that it was negligence on his part so to do and if you believe that in attempting to cross he was guilty of negligence in the manner in which he stepped upon said coupling and attempted to cross, and that said negligence, if any, contributed to his injury, the plaintiffs can not recover herein, unless you find for the plaintiffs under paragraph four of this charge." (Transcript of Record, pp. 17 to 18.) The court gave no other charge covering this phase of the case or presenting the defendant's defense of contributory negligence. Kershner v. Latimer, 64 S. W. Rep., 237; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 214; Missouri, K. &. T. Ry. Co. v. Wylie, 33 S. W. Rep., 771; Texas & Pac. Ry. v. Huber, 16 Texas Ct. Rep., 154; International & G. N. Ry. Co. v. Neff, 87 Texas, 303; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Liverpool & L. G. Ins. Co. v. Joy, 26 Texas Civ. App., 613; International & G. N. Ry. Co. v. McVey, 99 Texas, 28.

[Second proposition under appellant's first assignment of error.] Appellant having plead and introduced evidence tending to show that appellee, Hugh Johnson, was guilty of negligence both in attempting to cross between said cars and in the manner in which he did so cross, the establishment of either was a sufficient defense to at least all of appellee's cause of action except that based on discovered peril as contained in the 4th paragraph of the main charge, and the court should not have told the jury that the said Hugh Johnson must be guilty of both before it was such a defense.

The undisputed evidence showing that the act of the appellee Johnson in attempting to cross and in the manner in which he did cross between said cars, contributed to his injuries, it was error in the court to have submitted that fact to the jury as an issuable one as it did in said substituted charge. Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry., 90 Texas, 627.

*H. W. Clark* and *Stuart S. Bell,* for appellees.—The court in this substitute charge did not tell the jury that appellee must be found guilty of negligence in both particulars before he would be barred from a recovery, but on the contrary only told the jury that if Hugh Johnson was guilty of both said acts he could not recover and this was the law and it was not affirmative error. Ry. Co. v. Cherry, 17 Texas Ct. Rep., 505.

The petition shows that the train extended from above Pine Street on down across Pine Street, across the footpath and down near the ice plant, and that said street and footpath had been blocked for more than 20 minutes, that such was the custom and that plaintiff's attempt to pass between the cars as the public was accustomed to do, was the natural and continuous sequence that resulted from said blocking of Pine Street and the footpath or road by said train, said ordinance of the city of Dalhart providing against the blocking of a street, road or highway for a longer time than five minutes. Said exception was properly overruled. Gulf, C. & S. F. Ry. v. Grishom, 36 Texas Civ. App., 630; San Antonio & A. P. Ry. v. Bergsland, 12 Texas Civ. App., 97; St. Louis S. W. Ry. v. Shifflet, 56 S. W. Rep., 697; San Antonio & A. P. Ry. v. Green, 20 Texas Civ. App., 5; Irvin v. Gulf, C. & S. F. Ry., 42 S. W. Rep., 661; 2 Thompson on Negligence, 1597, 1691-2-3.

Mr. Justice Williams delivered the opinion of the court.

This case is presented upon a certificate from the Court of Civil Appeals for the Second District. Its nature may be gathered from the opinion of Mr. Justice Stephens, writing for the majority of the Court of Civil Appeals, and the dissenting opinion of Mr. Justice Speer, both of which will be inserted by the reporter.

The dissent arose upon a *charge given and a special charge refused* by the trial court, which are as follows:

"3. If you find from the evidence that Hugh Johnson approached the crossing or road, on or near Pine Street, crossing defendant's

road, for the purpose of going to the south side of said town, and that said crossing or road or street was blocked with cars by defendant for a longer time than five minutes after he approached said crossing and if you find that he waited for longer than five minutes at said crossing for the purpose of going to the south side of said town, and that said crossing remained blocked and that he went on down said track to a foot-path leading across said track of said defendant from the north to the south side of said town, for the purpose of going around said train of cars, and if you find that said footpath was commonly used by the public in passing to and fro from the north and south side of said town with the knowledge and acquiescence of the defendant; and if you find that it was customary for the defendant to block said road, street and footpath with cars for a longer period than five minutes at a time and that it was customary at said times for people passing to and fro along said footpath to pass between the cars when so blocked, and that such custom, if any, was known to the defendant; and if you further find that said Hugh Johnson attempted to pass between said cars at said time at said footpath, while said cars were standing still, and that his foot was caught between the bumpers of the same and mashed necessitating amputation, and if you find that the employees in charge of said cars moved the same without any warning to said Hugh Johnson, or without ringing the bell or blowing the whistle of the engine, and if you further find that the moving of said cars under said circumstances, if they were so moved, was negligence as heretofore defined, that said Hugh Johnson was thereby injured, and the plaintiff's thereby damaged and that said negligence, if any, was the proximate cause of plaintiff's injury, you will find for the plaintiffs, unless you find that said Hugh Johnson failed to exercise the care for his own safety that a person of ordinary prudence of his age would exercise under the same circumstances."

Special charge refused: "You are instructed that under the evidence in the case, you can not find for the plaintiffs on the ground that the defendant blocked the crossing described in the evidence as just west of the depot, or the paths mentioned in the evidence, even though you may believe that the said paths and crossings were blocked for more than five minutes or any length of time and even though you may believe that the defendant was negligent in blocking the same."

The following questions are asked with reference to these charges:

"First. Did or not the trial court err in the third paragraph of his charge to the jury by making the conduct of appellant in obstructing the street with its cars in violation of the city ordinance of the city of Dalhart, Dallam County, Texas, unduly prominent?

"Second. Did or not the trial court err in refusing the third special instruction requested by appellant to the effect that its negligence in blocking the streets would not warrant a recovery?

"Third. Was or not the blocking of the street of appellant

with its cars, over which street appellee desired to pass, a contributing proximate cause of appellee Hugh Johnson's injuries?"

We answer the first and second questions in the negative, the reasons being satisfactorily given in the opinion of Mr. Justice Speer. The third question calls for a conclusion upon a mixed question of law and fact to be drawn from the entire record, which is not before us, and, therefore, it would probably be improper and certainly unnecessary for us to answer it further than is done in answering the first and second questions. We gather enough from the two opinions to enable us to say that the trial court did not err in submitting the question of proximate cause to the jury.

The other question is submitted upon the charge given by the trial court instead of special instructions requested by the defendant. It is copied in the majority opinion from which the nature of the objection made to it may be seen. The charge thus given should be treated as any other instruction given by the court. It states a correct rule of law for the benefit of the defendant and contains no affirmative error. If the defendant desired a more distinct separation of the two phases of contributory negligence relied on, correct special instructions should have been requested. (Yellow Pine Oil Co. v. Noble, 100 Texas, 358; Parks v. San Antonio Traction Co., 100 Texas, 222.) The question certified does not call upon us to answer whether or not the requested instructions in lieu of which that in question was given were improperly refused. We answer that there was no error in the instructions given.