## SMITH v. FOLMAR. (No. 6229.)*

(Court of Civil Appeals of Texas. Austin.
June 16, 1920. Rehearing Denied
Oct. 13, 1920.)

1. **New trial** ⊗⇒119—**Failure to present new evidence between trial and decision held want of diligence.**

Where more than 3 months intervened between trial of case to court and its decision, failure to present evidence discovered after trial to the judge before his decision was rendered, with motion to reopen the case, and failure to file a motion for a new trial on that ground for several days after the decision was rendered, and until the last day of the term, shows such want of diligence that it was not an abuse of the trial court's discretion to overrule the motion.

2. **Appeal and error** ⊗⇒981—**New trial** ⊗⇒99 —**Granting of new trial within trial court's discretion.**

The granting or denial of a new trial for newly discovered evidence is largely in the discretion of the trial judge, and his action in that respect should not be lightly revised.

Appeal from District Court, Milam County; John Watson, Judge.

Action by J. T. Folmar against R. E. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Henderson, Kidd & Henderson, of Cameron, for appellant.

W. A. Morrison and R. B. Pool, both of Cameron, for appellee.

BRADY, J. Appellee, J. T. Folmar, sued appellant, R. E. Smith, to recover commissions for effecting a land sale. The case was tried without a jury, and judgment was rendered for the plaintiff. The issues on the trial are sufficiently indicated by the findings of the trial court, which are as follows:

"Findings of Fact.

"I find that for some years prior to the year 1919 the defendant, R. E. Smith, owned a tract of 825 acres of land in Milam county, Texas, and that some time about November or December, 1918, he and the plaintiff entered into an agreement, by the terms of which the said defendant agreed to pay the plaintiff the regular commission to find a purchaser and to sell said land for him, and that the regular commission at that time and place was 5 per cent. of the amount for which the property should sell.

"(2) I find that afterwards the plaintiff got in communication with one W. E. Lane and interested him in the purchase of said place, and that on the 9th day of January, 1919, he accompanied said Lane to said farm for the purpose of inspecting the same, and that before the negotiations were entered into the plaintiff and defendant had a specific agreement and contract that the defendant should pay the plaintiff a commission of 5 per cent. of the amount for which said place should sell, and that by reason of the efforts of the plaintiff a trade and sale was finally consummated between the said defendant and said Lane, and that said Lane actually became the purchaser of said land and is now in the possession thereof, and the defendant received therefor a consideration of $40,000, and that 5 per cent. commission on said $40,000 amounts to the sum of $2,000, and that, said trade having been finally consummated and the deed to said land filed for record on the 10th day of April, 1919, I find that interest is due the plaintiff at least from said date at the rate of 6 per cent. per annum.

"(3) I further find that, after the making of said contract by plaintiff and defendant, plaintiff never modified or receded therefrom, or agreed that his compensation should depend upon any claim that one J. R. Fraim should make against defendant by reason of the sale of said land, and that plaintiff is not estopped to claim the fulfillment of his contract by the matters alleged in the defendant's answer or shown by the testimony.

"(4) I further find that, after the plaintiff had already spoken to and interested said Lane in the purchase of the land in question, said J. R. Fraim also sought to interest said Lane in the purchase of same, and that there was probably a contract between the said Fraim and defendant, by the terms of which said Fraim was to be paid a commission by the defendant, in the event he was successful in selling the land; but I find said Fraim was not the procuring cause of said Lane becoming the purchaser of said land, and that the plaintiff was the efficient and procuring cause, and, as said Fraim is not a party to this suit, any rights he may have against the defendant, Smith, are not before this court for adjudication.

"(5) I further find that there was no dual agency on the part of the plaintiff with said Lane and the defendant, by which he was to receive compensation from both parties, and that the defendant's attorney, in the argument of the case in open court, stated that there was not sufficient evidence of such dual agency as pleaded.

"Conclusions of Law.

"From the foregoing facts I conclude that there having been a contract between the plaintiff and defendant for the sale of said land, and that the plaintiff having been the efficient, moving, and procuring cause of the sale of said property by the defendant to said Lane, that he is entitled to his commission according to the terms of said contract, and a judgment has been entered accordingly."

These findings are all supported by evidence, and none of them is assailed by any assignment of error.

## Opinion.

The only question presented by this appeal is whether the trial court erred in refusing to grant appellant a new trial, and in over-

ruling his motion, in so far as it was based upon newly discovered evidence.

It is contended by appellee that the motion for new trial was properly overruled, because the newly discovered evidence related to an alleged admission by him that he was not the procuring and efficient cause of the sale, and that the statements in the affidavits of the new witnesses were too indefinite to show any admission to this effect by appellee, and therefore the admission of the testimony would not probably have produced a different result to the suit. Appellee further contends that the motion should not have been granted because the testimony was merely cumulative of other testimony in the case, and was impeaching in character, and that the appellant failed to show diligence in procuring and presenting the testimony and in filing the motion; he having waited until the last day of the term on which to file the motion.

[1] We do not find it necessary to decide any of these contentions, except the question of diligence. We have reached the conclusion that there was a want of diligence in procuring and presenting the testimony contained in the affidavits, and that the motion was filed too late. It appears that the case was tried on May 15th, and held under advisement by the court for over 3 months; the judgment being rendered on August 25th. The term of the court ended, by operation of law, on August 30th. There is no statement in the motion for new trial, or in the affidavits, as to when or under what circumstances this testimony was discovered. It is true that appellant states in his motion that neither he, nor his counsel, nor Fraim, who was assisting in the defense of the case, knew of the existence of the testimony until "long after the trial"; but it is not shown how long. Furthermore, Fraim's affidavit is attached as an exhibit to the motion, and he did not even swear that it was long after the trial; his statement being that he did not know or have reason to believe these witnesses knew such facts "until after the trial of said cause."

We think it is clear inference that appellant knew of the existence of this testimony some time before the judgment was rendered, and certainly he has shown no diligence to have ascertained these facts prior to the rendition of the judgment. If he knew the facts before the judgment was rendered, he should not have waited until the decision of the case, taking his chances on a favorable judgment, but should have presented the testimony as soon as practicable to the court. If the court had then refused to reopen the case, and to give him an opportunity to present the testimony, as well as the appellee an opportunity to controvert it, still he would have shown diligence, and would have apprised the opposing party of the existing testimony, and have afforded him an opportunity to meet it, in case it were necessary, in the progress of the case. Not only do we not find any such diligence, but, even after the judgment was rendered, appellant waited several days, and until the last day of the term on which to file his motion. In these circumstances, we think it clear that the trial court did not abuse his discretion in refusing a new trial.

[2] This is a matter largely within the discretion of the trial judge, and his action in this respect should not be lightly revised. That the motion was filed too late, see Railway v. Scarborough, 101 Tex. 436, 108 S. W. 804; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533; House v. Pilgo, 163 S. W. 373; Houston Oil Co. v. Kimball, 114 S. W. 662; Glover v. Pfeuffer, 163 S. W. 984.

As to the case of Delano v. Delano, 189 S. W. 972, decided by this court, and relied upon by appellant, the question of diligence in filing the motion for new trial does not seem to have been considered by this court, and certainly was not discussed in the opinion. If we were at liberty to accept the statement in the brief of appellant as to the facts of record in that case, still we think the case is clearly distinguishable on the facts, and presented a very different situation than that existing in the instant case.

The assignments raising the question just discussed are overruled, and, finding no reversible error, the judgment is affirmed.

Affirmed.

