## WEEKS v. LIPP et al.

### No. 2646.

Court of Civil Appeals of Texas. El Paso.
March 24, 1932.

Rehearing Denied April 14, 1932.

Del W. Harrington (on rehearing only), of El Paso, M. V. Ward and C. W. Croom, both of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellees.

PELPHREY, C. J.

The statement of appellant as to the nature and result of the suit, not being objected to by appellees, will be adopted by us.

Appellant, as plaintiff in the trial court, instituted this suit against appellees, Milton H. Lipp and the Employers' Liability Association Corporation, Limited, of London, England, defendants, seeking to recover a judgment against them because of the injuries sustained by plaintiff in a collision at the intersection of Ange and Montana streets, El Paso, Tex., about 5:30 p. m. on the 7th day of December, 1929, between an automobile driven by the plaintiff, and a family car driven by defendant Lipp's wife. It was alleged: (a) That the defendant Lipp was negligent in that his car was being driven at, and prior to, the time of the accident at a speed in excess of the law, to wit, 20 miles per hour; (b) that defendant Lipp's wife was driving said automobile north of the center of Montana street, and on the left side thereof, in violation of law.

The defendant Employers' Liability Assurance Corporation, Limited, of London, England (hereinafter referred to as the insurance company), was made a party defendant because it had, prior to the date of the accident, issued to the defendant Lipp a policy of insurance under the terms of which it was obligated to pay injured persons, including plaintiff, damages for personal injuries inflicted by Lipp's automobile; it being further alleged that the defendant insurance company was liable because it had contracted to pay any judgments rendered against defendant Lipp similar to the one involved, up to $10,000, and that said policy, in fact, inured to the benefit of the plaintiff by reason of the terms thereof.

Plaintiff alleged that as a result of said collision, and the negligence of the defendant Lipp, she received serious and permanent injuries, and she prayed for judgment for damages in the sum of $26,125.

The defendant Lipp, in addition to a general denial, pleaded contributory negligence on the part of the plaintiff, specifically alleging in this respect (a) that the plaintiff changed the course of her automobile without seeing that there was sufficient space for such movement to be made in safety and without using reasonable care to see that there was sufficient space for such movement to be made in safety; (b) that, at the time of changing her course, it was reasonably apparent to plaintiff that the movement of her automobile was such that the movement and operation of other vehicles, including defendant Lipp's car, would be reasonably affected by such turning; and (c) that at the time plaintiff so turned said automobile she failed to give any apparently visible or audible signal to the person operating defendant Lipp's car of her intention to turn and change her course.

The defendant insurance company in its answer admitted that prior to the accident it had issued to the defendant Lipp a policy by the terms of which it agreed with Lipp that, if he should be found liable to any one for damages alleged to have resulted from the negligence of Lipp or his agents, defendant insurance company would pay any judgment up to $10,000, and that under said policy it is obligated to pay plaintiff any judgment she may obtain against Lipp, provided Lipp is first held liable, up to $10,000; said defendant further admitted that it contracted in said policy to pay any judgment rendered against Lipp because of injuries inflicted by defendant's automobile for which he might be held liable, up to $10,000, and that if plaintiff is entitled to recover against Lipp, she is entitled to recover against defendant insurance company up to $10,000; and for further answer defendant insurance company adopted as a part of its answer all the allegations of the defendant Lipp, as to his defense to plaintiff's suit.

The case was tried to a jury, and, upon answers to special questions propounded by the court, judgment was rendered in favor of the defendants.

Motion for new trial was duly presented, and, upon it being overruled, appeal was perfected to this court.

Appellant's first complaint is as to the trial court's refusal to postpone the trial of the case from 9:30 a. m. until 2:00 p. m. in order that Hon. Tom Lea, associate counsel, might be present and participate in the trial.

The facts show that Hon. C. W. Croom was leading counsel on a former trial of the case, assisted by Hon. John F. Weeks, father of appellant; that Mr. Croom was present and conducted the present trial; that on account of the physical condition of Judge Weeks, Mr. Lea was employed to assist Mr. Croom in the present trial; that there had been an agreement between counsel that the case might be called at any time during the week at which it was tried; that another case went to trial on Monday, and terminated Tuesday afternoon, whereupon the trial court called the present case for 9 a. m. Wednesday; and that Mr. Lea, having made an engagement with out of town clients for that time, was unable to attend the trial of that hour, but informed the court that he would be able to do so at 2 p. m.

We find no error in the court's refusal. Counsel for the parties, having agreed

to try the case at any time it was called during the week, had no right to expect the court to postpone the trial to allow them to keep appointments made after such agreement. We also fail to see how appellant's rights were materially affected by the court's refusal to postpone the trial to allow Mr. Ward to confer with appellant and her leading counsel.

The granting or refusal of a new trial for newly discovered evidence rests within the sound discretion of the trial court. G., H. & S. A. R. Co. v. Kief (Tex. Civ. App.) 58 S. W. 625; Sherrill v. Union Lumber Co. (Tex. Civ. App.) 207 S. W. 149; Nations v. Miller (Tex. Civ. App.) 212 S. W. 742; Donoho v. Carwile (Tex. Civ. App.) 214 S. W. 553; Woldert v. Pukli (Tex. Civ. App.) 221 S. W. 1112; Rooney v. Porch (Tex. Civ. App.) 223 S. W. 245; Smith v. Folmar (Tex. Civ. App.) 224 S. W. 526; Railway v. Turner (Tex. Civ. App.) 225 S. W. 383, writ refused; and, in order to obtain a new trial for newly discovered evidence, it must appear by the motion that diligence to procure the testimony had been used; that it could not be obtained in time for the trial; that the evidence is not merely cumulative; and that on a new trial it would probably change the result. Hatchett v. Conner, 30 Tex. 104; Texas & N. O. R. Co. v. Scarborough, 101 Tex. 436, 108 S. W. 804.

This matter was set up by appellant in her motion for new trial, as follows: "That since the trial of said cause, and for the first time, plaintiff and her attorneys have learned that a credible person, to-wit, C. W. Kilgore, a resident of El Paso, Texas, whose address is No. 3300 Montana street, was an eye-witness to the accident and injuries which are the subject matter of this suit. That there is attached hereto, an affidavit made by said Kilgore, which shows the facts to which he will testify as a witness herein. As shown by said affidavit, said Kilgore is a material witness, and his proof is contrary to the verdict of the jury rendered herein."

It will be seen that appellant has not alleged the facts necessary to bring the evidence of the witness within the rule.

We find no abuse of the trial court's discretion in refusing the new trial on this score.

Appellant's proposition under her eighth assignment of error is to the effect that the court erred in refusing to require appellee Lipp to produce the policy issued by appellee insurance company to him. The insurance company having admitted liability to plaintiff under such policy, we can see no reason for its introduction in evidence, and fail to see how it could be material to any issue in the case.

Appellant's proposition under her ninth assignment reads: "There being no material findings of the jury on plaintiff's contributory negligence, and there being no evidence to support the same, the jury having found that defendant Lipp was negligent as a matter of law in exceeding the speed limit, a general judgment in favor of defendants is unsupported by the evidence."

Appellant pleaded that Mrs. Lipp was negligent in driving her car in excess of 20 miles per hour and on the left side of Montana street, and that these acts of negligence were the proximate cause of appellant's injuries. The jury found that Mrs. Lipp was driving her car in excess of 20 miles per hour and on the left-hand side of Montana street at and just prior to the collision; that the driving in excess of 20 miles per hour was not a proximate cause of the injuries; and that Mrs. Lipp was not negligent in driving her car on the left side of Montana street.

The jury further found, in response to issues submitted, that Mrs. Lipp did not cross to the left-hand side of Montana street until at or just before the collision, and that she was not negligent in so doing.

The question of whether Mrs. Lipp was negligent in running her car on the left-hand side of Montana street, as well as whether her driving her car in excess of 20 miles per hour was a proximate cause of the collision, were for the jury and the jury's findings on those questions, if supported by evidence, will preclude a recovery by appellant.

Without attempting to here detail the evidence pertinent to such findings, suffice it to say that we believe them to be amply supported, under the facts and circumstances surrounding the collision.

In connection with the issue as to damages, the court instructed the jury that it might consider in connection therewith loss of time, mental and physical suffering, ability to earn money in the future, future pain and suffering, damages to the automobile, not to exceed $120, and doctors' and hospital expenses, but only those which they found to have proximately resulted from the collision in question. Without objection, the court further instructed them not to allow doctor's bills incurred for independent ailments or injuries, or solely because of a desire on appellant's part to render the doctor or doctors available as witnesses in her behalf.

There is testimony in the record that appellant had an accident in 1916, and as a result suffered from what the physician who treated her diagnosed as neurasthenia, the same ailment with which she is found to be suffering now, and which she contends was caused by the collision.

It also appears that prior to the collision she was having medical treatments.

With these facts before the jury, we cannot say that either the failure of the jury to find that she had lost any time as a proximate result of the collision, or that her doctors' bills which proximately resulted from the collision amounted to only $25, would justify us in concluding that the jury in passing upon the issues submitted were actuated solely by bias and prejudice and not by the evidence before them.

Juries, having witnesses before them, may attach to evidence a great deal more importance than would a person who was merely reading it reduced to narrative form, and we cannot substitute our judgment of the credibility of the witnesses for theirs; they being the sole judges of that matter and of the weight to be given to the testimony.

We have given this record careful study, and have concluded that no errors have been presented which call for a reversal of the judgment, and it is therefore affirmed.

Affirmed.